David M. FINK, Plaintiff—Appellant,

v.

Eddie YLST, Warden; James H. Gomez; John Henry Woods; L. Di Carlo; N. Brown; Mohan Sundareson; Quang Lee, Dr.; Chuong V. Luu; S. Miller; W.I. Jennings; R.D. Carpenter; L.O. Rael; Raymond L. Knoche; John A. Ledbetter; D.J. Kenary; C.L. Schlig; S.A. Ziska; K.C. Smith; J.P. Steimle; R.A. Palacios; J.T. Caruso; Tommy Ray Ramos; Four Unknown Prison Guards; R.V. Mejia; M.W. White; Thomas J. Padilla; Louie Joe Mendoza; T. Diaz; B.M. Erickson; Robert Moser; Diana Nourse; Frederick Foulk, Defendants,

and

Leonard F. Araujo; Gerard Bryant, aka J. Brynt; Bryan Wynn, Sr., aka B.M. Wynn; Ernest Rojo; Delbert E. Redman, aka D.E. Redman; Michael Garza, aka M.A.M.A. Garza, Defendants—Appellees.

David M. Fink, Plaintiff—Appellant,

v.

Eddie Ylst, Warden; James H. Gomez; John Henry Woods; L. Di Carlo; N. Brown; Mohan Sundareson; Quang Lee, Dr.; Chuong V. Luu; S. Miller; W.I. Jennings; R.D. Carpenter; L.O. Rael; Raymond L. Knoche; John A. Ledbetter; D.J. Kenary; C.L. Schlig; S.A. Ziska; K.C. Smith; J.P. Steimle; R.A. Palacios; J.T. Caruso; Tommy Ray Ramos; Four Unknown Prison Guards; R.V. Mejia; M.W. White; Thomas J. Padilla; Louie Joe Mendoza; T. Diaz; B.M. Erickson; Robert Moser; Diana Nourse, Defendants,

**and**

Leonard F. Araujo; Gerard Bryant, aka J. Brynt; Bryan Wynn, Sr., aka B.M. Wynn; Ernest Rojo; Delbert E. Redman, aka D.E. Redman; Michael Garza, aka M.A.M.A. Garza; Frederick Foulk, Defendants—Appellees.

Nos. 03–51237, 04–56258.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2006.*

Filed July 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen G. Perry, Esq., Woodland Hills, CA, for Plaintiff–Appellant.

Cindy S. Lee, Esq., Franscell Strickland, et al., Glendale, CA, for Defendants.

Appeal from the United States District Court for the Central District of California, J. Spencer Letts, District Judge, Presiding. D.C. No. CV–94–00590–JSL.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

## MEMORANDUM **

David Fink brought this civil rights action alleging prison officials used excessive force against him, conspired to cover-up the incident, disciplined him in violation of due process, and were deliberately indifferent to his medical needs. Most defendants were dismissed or granted summary judgment based on qualified immunity. The case proceeded to trial against six guards. The jury found in favor of four guards and awarded Fink money damages against the remaining two. Fink appeals pro se, alleging numerous errors by the trial court. We conclude there is no reversible error. We affirm.

## DISCUSSION

1. *Right to Counsel*

■ Fink was not improperly denied the assistance of counsel. There is no constitutional right in a civil action to effective representation of counsel. *Nicholson v. Rushen*, 767 F.2d 1426, 1426 (9th Cir.1985). There is also no constitutional right to appointed counsel for § 1983 claims. *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998). Although a district court in "exceptional circumstances" may appoint counsel for an indigent civil rights

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

litigant, it must first evaluate the likelihood of success on the merits and the ability of the plaintiff to articulate pro se the claims asserted. *Agyeman v. Corrections Corp.,* 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied,* 545 U.S. 1128, 125 S.Ct. 2941, 162 L.Ed.2d 867 (2005). Fink does not argue that the district court improperly evaluated these factors. Finally, a district court is entitled to regulate the involvement and role of hybrid counsel. *United States v. George,* 85 F.3d 1433, 1439 (9th Cir.1996).

### 2. *Qualified Immunity*

■ Public officials are entitled to qualified immunity from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Spoklie v. Montana,* 411 F.3d 1051, 1060 (9th Cir.2005) (internal quotation omitted). Here, the prison officials who were not present at the incident and did not engage in any of the alleged conduct cannot be held liable. *See Haynie v. County of Los Angeles,* 339 F.3d 1071, 1078 (9th Cir.2003); *Liston v. County of Riverside,* 120 F.3d 965, 981 (9th Cir.1997). The duty of guards to intervene was not clearly established at the time of this incident. *Lolli v. County of Orange,* 351 F.3d 410, 418 (9th Cir.2003). Fink's cover-up claim—that every guard present was required by state law to submit a written report—constitutes a violation of state law that "does not lead to liability under § 1983." *See Campbell,* 141 F.3d at 930.

■ Prison doctors and nurses may be held liable if they are "deliberately indifferent to a prisoner's medical needs." *Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir.2004). Fink was treated by medical staff—to the extent he contends he should have received different treatment, his claim fails as a matter of law. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). Any claim that he was negligently treated is also insufficient to state a constitutional violation. *Toguchi,* 391 F.3d at 1057.

■ The hearings officers who conducted disciplinary hearings following the incident are also entitled to qualified immunity. Although the first officer erred by not permitting inmates to testify, *see Fink v. Gomez,* 139 F.3d 904 (9th Cir.1998) (overturning blanket exclusion) (unpublished), we agree with the district court that no reasonable hearings officer would have known at the time that refusing to permit sixty inmates to testify was a violation of due process. The hearings officer who conducted the second disciplinary hearing is also entitled to summary judgment because Fink suffered no adverse consequence or injury as a result of that hearing. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("there is no necessity for further inquiries concerning qualified immunity" if no constitutional violation occurred).

### 3. *Dismissed Claims*

Fink complains the district court dismissed some claims without explanation. The record indicates, however, the court either entered summary judgment or a directed verdict on each such claim. The court for example granted summary judgment in favor of guards who confiscated items that Fink sought to bring into the prison because prison rules specifically give guards discretion to seize such items. Similarly, the court granted qualified immunity to prison officials on Fink's "cockroach" claim because he offered no evidence in opposition to their motion for summary judgment. The court directed a verdict for officials accused of "forcing" Fink to walk, concluding there was no evidence of deliberate indifference to his medical condition or an intent to inflict

cruel or unusual punishment. Finally, the court granted summary judgment because there was no allegation or evidence of retaliatory intent to support Fink's claim that one defendant falsely accused Fink of harassing his ex-wife, thereby causing an extension of his parole date. We discern no error in these rulings and we affirm.

### 4. *Discovery*

■■ The district court did not abuse its discretion by not ordering defendants to provide the names and addresses of inmates and guards who may have witnessed the incident. *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002) (noting broad discretion of trial court to deny discovery). The court also did not err by refusing to order disclosure of investigative reports conducted by the prison regarding the incident. The trial judge reviewed these reports in camera and correctly determined the information was already in the record or was inadmissible as a matter of law.

### 5. *Evidentiary Rulings*

"A district court is vested with broad discretion to make ... evidentiary rulings conducive to the conduct of a fair and orderly trial." *S.M. v. J.K,* 262 F.3d 914, 919 (9th Cir.2001) (internal quotation omitted). Moreover, we will reverse based on the court's evidentiary rulings only if Fink demonstrates that he has been prejudiced by the rulings, such that any error "more probably than not ... tainted the verdict." *See Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 688 (9th Cir.2001). Fink has raised numerous contentions that the trial court erred in making evidentiary rulings, but has not convinced us that he was prejudiced by the rulings or that the outcome of the proceedings would have been different.

### 6. *Damages*

■ The court did not permit expert testimony or instruct the jury regarding Fink's medication expenses, his alleged pain and suffering, or lost potential for future earnings. We agree with the trial court that Fink did not produce sufficient evidence to support these claims. *See Beachy v. Boise Cascade Corp.,* 191 F.3d 1010, 1013 (9th Cir.1999) ("A party is not entitled to a jury instruction which is unsupported by the evidence."); *Trevino v. Gates,* 99 F.3d 911, 923 (9th Cir.1996) ("[I]t was not manifestly erroneous ... to exclude the expert testimony for lack of foundation.").

### 7. *Closing Arguments*

■ The trial court did not abuse its discretion by limiting and controlling closing argument. *United States v. Munoz,* 233 F.3d 1117, 1129 (9th Cir.2000) ("A district court has wide discretion in limiting time for closing arguments."); *United States v. Spillone,* 879 F.2d 514, 518 (9th Cir.1989) ("The trial court has broad discretion in controlling closing arguments.") (internal quotation omitted). Here, the court limited argument to minimize confusion to the jury and to force the parties to concentrate on the relevant evidence. Although there were numerous interruptions and comments during Fink's closing argument, any error that may have occurred was corrected by the court and the jury properly instructed to disregard the statements. *See Guam v. Ignacio,* 852 F.2d 459, 461 (9th Cir.1988) ("[T]his court will not reverse a judgment because of statements made in the arguments of counsel unless they were so prejudicial that a failure to declare a mistrial was an abuse of discretion.").

### 8. *Jury Instructions*

■ A court is not required to instruct the jury with the specific language that a

party requests. *United States v. McGeshick*, 41 F.3d 419, 421 (9th Cir.1994). Rather, the court is obligated to formulate instructions that fairly and adequately cover the issues presented, correctly state the law and are not misleading. *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir.2005). Here, some of Fink's proposed instructions were not relevant, some were based on state law rather than federal law, others addressed claims already dismissed from the case, and one raised a discovery and pretrial dispute previously resolved by the court. The court did not err by rejecting Fink's proposed instructions.

### 9. Jury Inquiries

■ A district court has "wide discretion" to formulate responses to questions from the jury. *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir.2003). Here, the court's responses to the jury's inquiries were factually accurate and correct as a matter of law. The court's comment that the jury try to resolve and reconcile "any differences" did not infringe on Fink's due process right to a fair trial because it was not "likely to coerce certain jurors into relinquishing their views...." *See Jiminez v. Myers*, 40 F.3d 976, 979 (9th Cir. 1993).

### 10. Recusal

■ Recusal is required only if bias or prejudice "stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir.1999) (internal quotation omitted). The judge assigned to consider Fink's recusal motions correctly determined that "Fink has identified no such extrajudicial source of bias."

### 11. Sanctions

■ Fink sought sanctions against opposing counsel, his own counsel, defendants, and witnesses. We conclude the trial court properly rejected these sanctions, ruling in some instances that the alleged conduct did not occur and in other instances that the conduct did not warrant the imposition of sanctions. *See Smith v. Lenches*, 263 F.3d 972, 978 (9th Cir.2001) (noting "district court has broad factfinding powers to grant or decline sanctions and that its findings warrant great deference") (internal quotations omitted); *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (noting court's "particularly wide latitude" whether to impose discovery sanctions); *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1488 (9th Cir.1995) (noting deference owed to trial court's refusal to impose Rule 11 sanctions).

■ Fink also contends the trial court improperly "sanctioned" him by confiscating his "MP3/Voice Player/Recorder." We disagree. Trial judges have the "right to maintain order in the courtroom and conduct proceedings in a manner consonant with our trial traditions." *United States v. Mack*, 362 F.3d 597, 601 (9th Cir.2004). Moreover, we owe "substantial deference to the trial judge's decisions about courtroom management." *Kulas v. Flores*, 255 F.3d 780, 786 (9th Cir.2001).

### 12. Judicial Misconduct

Fink contends the trial judge (1) made inappropriate, biased, conclusionary and contemptuous comments; (2) accused him of lying; (3) conducted ex-parte communications with defense attorneys; (4) vouched for the accuracy of defendants' testimony; (5) misstated evidence to the jury; (6) interfered with direct examination of witnesses; (7) testified on behalf of defendants; and (8) obstructed and limited the cross-examination of witnesses. We conclude there was no reversible error. We have repeatedly noted that a judge has "wide discretion" to participate in the trial

proceedings. *Swinton v. Potomac Corp.,* 270 F.3d 794, 808 (9th Cir.2001) (questioning witnesses); *Navellier v. Sletten,* 262 F.3d 923, 942 (9th Cir.2001) (commenting on evidence including credibility of witnesses); *Kennedy v. Los Angeles Police Dep't,* 901 F.2d 702, 709 (9th Cir.1989) (examining witnesses and clarifying evidence). A judge oversteps the bounds of propriety and deprives an individual of a fair trial "only if the record discloses actual bias on the part of the trial judge or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." *Swinton,* 270 F.3d at 808 (internal quotation omitted).

 Applying that standard, we conclude no reversible error occurred. Although the trial judge may have demonstrated some frustration with Fink during the trial, there was no actual bias or improper advocacy or partiality. Moreover, the judge instructed the jury "to decide the case solely on the basis of the evidence" and not "to try and interpret anything that I might have said or done to either lawyer or to any of the parties or any questions I might have asked them." Thus, "even if any comment could be considered prejudicial, any prejudice was cured by the court's ... jury instructions, which stressed that the jurors were the sole judge of the facts." *Navellier,* 262 F.3d at 943.

13. *Costs*

 Costs are generally "allowed as of course to the prevailing party." *Idaho Potato Comm. v. G & T Terminal Packaging, Inc.,* 425 F.3d 708, 723 (9th Cir.2005) (quoting Fed.R.Civ.P. 54(d)). Here, the district court properly concluded that Fink was not a "prevailing party" for purposes of Rule 54(d) because "only six of the more than thirty defendants ... went to trial

[and] plaintiff prevailed ... against two." *See Amarel v. Connell,* 102 F.3d 1494, 1523 (9th Cir.1996) ("In the event of a mixed judgment, ... it is within the discretion of a district court to require each party to bear its own costs.").

14. *Attorneys Fees*

 Fink was not entitled to an award of attorneys fees. It has long been established that pro se civil rights litigants are not entitled to attorneys fees under 42 U.S.C. § 1988. *Kay v. Ehrler,* 499 U.S. 432, 435, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991); *Gonzalez v. Kangas,* 814 F.2d 1411, 1411–12 (9th Cir.1987).

### CONCLUSION

Fink raised a myriad of issues primarily involving discretionary rulings by the district court during the more than eleven years of litigation. We have reviewed all of the issues that Fink raises and conclude they are without merit and do not deserve substantial comment.

**AFFIRMED.**