[No. G041557. Fourth Dist., Div. Three. Jan. 5, 2010.]

DAVID FINK, Plaintiff and Appellant, v.
MOSES SHEMTOV et al., Defendants and Respondents.

1162

COUNSEL

David Fink, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

## OPINION

### FYBEL, J.—

## INTRODUCTION

Plaintiff David Fink appeals from an order declaring him a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(1) and a prefiling order issued under section 391.7. (All further statutory references are to the Code of Civil Procedure unless otherwise specified.) He contends the orders must be reversed because he has not suffered at least five adverse final determinations in litigation matters within the past seven-year period.

We affirm. The trial court did not err because Fink has suffered an adverse final determination in at least six separate litigations that he commenced in propria persona within the immediate seven-year period preceding the trial court's orders. We publish this opinion because of our analysis of the proper treatment, under section 391, subdivision (b)(1), of summary denials of petitions to a Court of Appeal for extraordinary writ relief.

## BACKGROUND

In February 2007, Fink filed a complaint containing claims for breach of contract and fraud against Moses Shemtov, Mary Shemtov, S&E Stone, Inc., and Amota Properties, LLC. The complaint alleged that in 2005, Stone Center Corporation (Stone Center), located in Santa Ana, extended to Moses Shemtov instant credit to purchase merchandise, in exchange for Shemtov's agreement to complete and return Stone Center's credit contract. The complaint further alleged Shemtov neither returned the completed credit contract nor paid for the merchandise. Stone Center assigned its claim to Fink.[1]

---

[1] Moses Shemtov filed a motion to transfer the action from Orange County Superior Court to Los Angeles County Superior Court, which was granted by the trial court. In an unpublished

On October 8, 2008, the trial court provided Fink with the following notice:

"TO: David Fink, aka David M. Fink:

"PLEASE TAKE NOTICE that on October 24, 2008, at 9:30 A.M. in Department C-19 of the Orange County Superior Court, located at 700 Civic Center Drive West, Santa Ana, CA 92702, this Court, on its own motion, will determine whether you are a vexatious litigant, pursuant to Code of Civil Procedure sections 391 *et. seq.*, and specifically sections 391[, subdivision ](b)(1) and 391[, subdivision ](b)(2)."

The notice listed seven cases that the court "will consider and take judicial notice of." The court further stated it "will also consider any other relevant evidence to be presented at the hearing, including any evidence you may wish to introduce" and "will also consider entering a pre-filing order pursuant to Code of Civil Procedure section 391.7 as well as imposing any other requirements permitted by law."

On October 17, 2008, judgment was entered in the underlying action awarding Fink $106,253.15 against Moses Shemtov only.[2]

On October 30, 2008, Fink filed a motion to disqualify the trial judge, based, at least in part, on the trial judge's alleged bias against him as evidenced by the court's own motion to declare Fink a vexatious litigant. On November 7, the trial court issued an order striking Fink's statement of disqualification. One of the order's concluding paragraphs stated, in part: "The parties are reminded that this determination of the question of the disqualification is not an appealable order and may be reviewed only by a writ of mandate from the Court of Appeal sought within 10 days of notice to the parties of the decision."

On November 25, 2008, the trial court issued an amended notice regarding its motion to determine whether Fink was a vexatious litigant. In the amended notice, the court stated, in part:

---

opinion, a panel of this court granted Fink's petition for writ of mandate and directed the trial court to vacate its order granting the motion to transfer the matter and issue an order denying that motion. (*Fink v. Superior Court* (Apr. 25, 2008, G039302) [nonpub. opn.].)

[2] The judgment was not included in the clerk's transcript. Pursuant to Evidence Code sections 459, subdivision (a) and 452, subdivision (d), on our own motion, we take judicial notice of the judgment.

"In making this determination, the Court will consider and take judicial notice of the following cases:[3]

"1) *David M. Fink vs. Eddie S. YLST*, 286 Fed.Appx. 498 (9th Cir. 2008)

"2) *David M. Fink vs. Eddie YLST*, 198 Fed.Appx. 587 (9th Cir. 2006)

"3) *David Fink vs. Hollywood Marble, Inc.*, B190153

"4) *David Fink vs. Warren Garth Kirwin*, G038711

"5) *David Fink vs. Moreno, Becerra & Guerrero, Inc.*, B201957

"6) *David Fink vs. Warren Garth Kirwin*, G039395

"7) *David Fink vs. Jacobe Enterprises*, 30-2008-00105711

"8) *David Fink vs. Global Natural Stones et. al.*, G039689

"9) *David Fink vs. Robert Gaynor et. al.*, G038703

"10) *David Fink vs. Jerome D. Stark*, G037274

"11) *David Fink vs. Sailor Kennedy*, G035771

"12) *David Fink vs. Calstar Properties, LLC*, G035730

"13) *David Fink vs. Sailor Kennedy*, G034765

"14) *David Fink vs. Sailor Kennedy*, G034656 and

"15) *David Fink vs. Jose Calderon et. al.*, G030717

"The Court will also consider any other relevant evidence to be presented at the hearing, including any evidence you may wish to introduce.

"The court will also consider entering a pre-filing order pursuant to Code of Civil Procedure section 391.7 as well as imposing any other requirements permitted by law." (Italics added.)

---

[3] The court's amended notice contained a different list of cases from that contained in the court's original notice of its own motion to determine whether Fink was a vexatious litigant.

On January 5, 2009, Fink filed a written opposition to the court's motion. In the opposition, Fink explained the resolution of each of the cases identified in the court's amended notice, as follows:

"(1. *Fink vs. Ylst*, 286 Fed.Appx. 498 (9th Cir. 2008) Appeal (Lost)

"(2. *Fink vs. Ylst*, 198 Fed.Appx. 587 (9th Cir. 2006) Appeal (Lost)

"(3. *Fink vs. Hollywood Marble*, B190153 Appeal (Won on Remand 07cc12326)

"(4. *Fink vs. Kirwin*, G038711 Appeal (Won/Extrinsic Fraud 30-2008-00110742)

"(5. *Fink vs[.] Moreno, B[ecerra] & Gu[e]rrero*, B201957 Appeal (Lost)

"(6. *Fink vs. Kirwin*, G039395 Appeal (Won/Extrinsic Fraud 30-2008-00110742)

"(7. *Fink vs. Jacobe Enterprises*, 30-2008-00105711 Settled

"(8. *Fink vs. Global Natural Stones*, G039689 *Writ of Mandate*

"(9. *Fink vs. Robert Gaynor*, G038703 Settled

"(10. *Fink vs. Jerome Stark*, G037274 Settled

"(11. *Fink vs. Sailor Kennedy*, G035771 *Writ of Mandate*

"(12. *Fink vs. Calstar Properties*, G035730 *Writ of Mandate*

"(13. *Fink vs. Sailor Kennedy*, G034765 *Writ of Mandate*

"(14. *Fink vs. Sailor Kennedy*, G034656 *Writ of Mandate*

"(15. *Fink vs. Jose Calderon*, G030717 *Writ of Mandate.*"

Fink did not submit any documentary evidence to the trial court in response to the court's amended notice or provide testimony at the January 7, 2009 hearing on the amended notice regarding the resolution of those matters. The record does not show that Fink was deprived of the opportunity to present evidence.

On January 9, 2009, the trial court filed an order declaring Fink a vexatious litigant under section 391, subdivision (b)(1) (vexatious litigant order), stating:

"On November 25, 2008, this court caused to be served on plaintiff David Fink an amended notice of hearing to determine whether he is a vexatious litigant. The notice set a hearing on the matter for January 7, 2009.

"On the latter date, the hearing was held. Mr. Fink was present *in propria persona*. The court took judicial notice of the following cases, in all of which Mr. Fink was self-represented and was a plaintiff and/or petitioner, and their results:

"1) *David M. Fink vs. Eddie S. YLST*, 286 Fed.Appx. 498 (9th Cir. 2008). Mr. Fink appealed an order of the district court, and the Court of Appeals affirmed the district court.

"2) *David M. Fink vs. Eddie YLST*, 198 Fed.Appx. 587 (9th Cir. 2006). Mr. Fink appealed from a judgment, and the Court of Appeals affirmed.

"3) *David Fink vs. Hollywood Marble, Inc.*, B190153. Mr. Fink appealed, and the judgment was affirmed.

"4) *David Fink vs. Warren Garth Kirwin*, G038711. Mr. Fink's appeal was dismissed as untimely.

"5) *David Fink vs. Moreno, Becerra & Guerrero, Inc.*, B201957. Mr. Fink appealed from a post-judgment order, and the appellate court affirmed.

"6) *David Fink vs. Warren Garth Kirwin*, G039395. Mr. Fink's appeal was dismissed as untimely.

"7) *David Fink vs. Jacobe Enterprises*, 30-2008-00105711. Mr. Fink filed, and subsequently dismissed, this action.

"8) *David Fink vs. Global Natural Stones et. al.*, G039689. Mr. Fink's petition to the Court of Appeal was summarily denied.

"9) *David Fink vs. Robert Gaynor et. al.*, G038703. Mr. Fink's petition to the Court of Appeal was summarily denied.

"10) *David Fink vs. Jerome D. Stark*, G037274. Mr. Fink abandoned his appeal.

"11) *David Fink vs. Sailor Kennedy*, G035771. Mr. Fink's petition to the Court of Appeal was summarily denied.

"12) *David Fink vs. Calstar Properties, LLC*, G035730. Mr. Fink's petition to the Court of Appeal was summarily denied.

"13) *David Fink vs. Sailor Kennedy*, G034765. Mr. Fink's petition to the Court of Appeal was summarily denied.

"14) *David Fink vs. Sailor Kennedy*, G034656. Mr. Fink's petition to the Court of Appeal was summarily denied; and

"15) *David Fink vs. Jose Calderon et. al.*, G030717. Mr. Fink's petition to the Court of Appeal was summarily denied.

"In his opposition to the notice of hearing, filed on January 2, 2009, Mr. Fink conceded this court's subsequent findings in cases numbers 1, 2, and 5, *supra*. He contested the other 12 cases. It should be noted that Mr. Fink did not claim that he was not the person involved in any of the 15 cases. It should also be noted that all of the 15 cases were within the last seven years.

"At the hearing, the court afforded Mr. Fink an opportunity to present evidence and argument. Mr. Fink, who did not testify, indicated that some of the dismissals which were entered at his request were the result of settlements of the cases but that he did not bring to court documentary proof of his contention. Mr. Fink did not ask to continue the hearing in order to present such proof.

"The court notes that in *Tokerud vs. Capitolbank Sacramento* (1995), 38 Cal.App.4th 775 [45 Cal.Rptr.2d 345], the appellate court held that a lawsuit which is ultimately dismissed by the plaintiff, with or without prejudice, can be relied upon in determining whether one is a vexatious litigant. The court also notes that in *McColm vs. Westwood Park Assn.* (1998), 62 Cal.App.4th 1211 [73 Cal.Rptr.2d 288], the court held as follows: ' "Litigation" for purposes of vexatious litigant requirements encompasses civil trials and special proceedings, but it is broader than that. *It includes proceedings initiated in the Courts of Appeal by notice of appeal or by writ petitions* other than habeas corpus or other criminal matters' (at 1219; emphasis added).

"Having considered the evidence and plaintiff's arguments, the court finds and declares David Fink, aka David M. Fink, a vexatious litigant pursuant to Code of Civil Procedure section 391[, subdivision ](b)(1). The court also

enters a pre-filing order, pursuant to Code of Civil Procedure section 391.7, and Mr. Fink is ordered to henceforth abide by this order."

The trial court signed an order entitled "Prefiling Order—Vexatious Litigant," which stated Fink "is prohibited from filing any new litigation in propria persona in the courts of California without approval of the presiding judge of the court in which the action is to be filed."

Fink appealed. Fink submitted a motion to this court seeking our consideration of new evidence regarding two of the cases listed in the vexatious litigant order. We issued an order directing the clerk to file Fink's motion and stating that Fink's motion would be decided in conjunction with the decision on appeal.

## DISCUSSION

### I.

#### Standard of Review

■ " 'A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and [infer] findings necessary to support the judgment.' [Citation.] Questions of statutory interpretation, however, we review de novo." (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1498–1499 [29 Cal.Rptr.3d 578].)

### II.

#### The Trial Court Did Not Err by Declaring Fink a Vexatious Litigant Under Section 391, Subdivision (b)(1) and Issuing an Order Under Section 391.7.

##### A.

###### *Relevant Vexatious Litigant Statutes*

■ Section 391, subdivision (b) provides four alternative definitions of a vexatious litigant. (*Holcomb v. U.S. Bank Nat. Assn., supra,* 129 Cal.App.4th at p. 1500.) The trial court, here, found the definition in section 391, subdivision (b)(1) applied to Fink. Section 391, subdivision (b)(1) provides a vexatious litigant is one who "[i]n the immediately preceding seven-year

period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) *finally determined adversely* to the person or (ii) unjustifiably permitted to remain pending at least two years without have been brought to trial or hearing." (Italics added.)

The term "litigation" is broadly defined in section 391, subdivision (a) as meaning "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (See *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1215 [73 Cal.Rptr.2d 288].) In *McColm v. Westwood Park Assn., supra*, 62 Cal.App.4th at page 1216, the appellate court stated, "[m]anifestly, 'any civil action or proceeding' includes any appeal or writ proceeding. Of course, 'any state or federal court' includes the California Court of Appeal."

Identifying 15 separate litigation matters initiated by Fink, the trial court declared Fink a vexatious litigant and issued a prefiling order under the authority of section 391.7, subdivision (a) which provides: "In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court."

B.

*The Vexatious Litigant Statutes Are Constitutional.*

In his opening brief, Fink challenges the constitutionality of the vexatious litigant statutes. The vexatious litigant statutes, however, have been upheld as constitutional. (See *In re R.H.* (2009) 170 Cal.App.4th 678, 704 [88 Cal.Rptr.3d 650] ["Neither section 391.7 nor our prefiling order violates due process because R.H. as the vexatious litigant has the right to seek the permission of the presiding judge or justice to file future litigation."]; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 222 [120 Cal.Rptr.2d 879] ["Vexatious litigant statutes are constitutional and do not deprive a litigant of due process of law."]; see also *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43,

60–61 [61 Cal.Rptr.2d 694] [procedure set forth in § 391.7, subd. (a) comports with requirements of due process].)

## C.

### *The Requirements of Section 391, Subdivision (b)(1) Were Satisfied.*

1. *First Step: Fink Concedes Three Qualifying Litigations, and* Fink v. Hollywood Marble, Inc., *Is a Fourth.*

Fink next challenges the orders on the ground he has not commenced, prosecuted, or maintained at least five separate litigations that were finally determined adversely to him. Fink does not argue that any of the cases relied upon by the trial court fell outside the timeframe imposed by section 391, subdivision (b)(1) or that he had not commenced, prosecuted, or maintained any of those cases in propria persona. Our analysis therefore focuses on the remaining statutory criteria. In the trial court and again in his opening brief, Fink conceded the first, second, and fifth cases listed in the vexatious litigant order each qualified as a litigation finally determined adversely to him.

Therefore, Fink concedes that three of the listed cases qualify under the statute. Are there two more to meet the statutory requirement of five? We begin this analysis by concluding the matter listed as the third case in the vexatious litigant order also qualified as a litigation finally determined adversely to Fink within the meaning of section 391, subdivision (b)(1). Pursuant to Evidence Code sections 459, subdivision (a) and 452, subdivision (d), on our own motion, we take judicial notice of the Court of Appeal, Second Appellate District, Division Four's unpublished opinion in that case, which is entitled *Fink v. Hollywood Marble, Inc.* (Nov. 16, 2006, B190153). The appellate court's decision in that case shows Fink filed a complaint in propria persona in August 2005. (*Fink v. Hollywood Marble, Inc., supra,* B190153.) Judgment was entered in Fink's favor against the entity defendant in March 2006. (*Ibid.*) Fink, however, appealed from the judgment on the ground judgment should have also been entered against the individual defendants. (*Ibid.*) The appellate court affirmed the judgment, thereby finally determining the appeal adversely to Fink within the meaning of section 391, subdivision (b)(1). (*Fink v. Hollywood Marble, Inc., supra,* B190153.)

2. *Summary Denials of Writ Petitions Do Not Necessarily Satisfy Section 391, Subdivision (b)(1); the Record in This Case Does Not Sufficiently Describe the Summary Denials to Count Under That Statute.*

■ Having confirmed four out of the five required litigations were finally determined adversely as to Fink within the meaning of section 391, subdivision (b)(1), we next consider whether any of the seven cases in which the

appellate court summarily denied a petition filed by Fink (the eighth, ninth, and 11th through 15th cases cited in the vexatious litigant order) would satisfy the statute. Although a writ proceeding generally qualifies as a litigation within the meaning of section 391, subdivision (a) (see *McColm v. Westwood Park Assn., supra,* 62 Cal.App.4th at p. 1216), for the reasons we next explain, we hold the summary denial of a writ petition does not necessarily constitute a litigation that has been "finally determined adversely to the person" within the meaning of section 391, subdivision (b)(1).

In *Leone v. Medical Board* (2000) 22 Cal.4th 660, 669 [94 Cal.Rptr.2d 61, 995 P.2d 191], the California Supreme Court explained, "a summary denial of a writ petition on a pretrial issue does not establish the law of the case." The Supreme Court distinguished "writ petitions challenging pretrial superior court rulings that could also be reviewed on appeal from the judgment ultimately entered in the action" from "situations in which a writ petition was the only authorized mode of appellate review." (*Id.* at p. 670.) As to the former type of writ petition, quoting *Kowis v. Howard* (1992) 3 Cal.4th 888 [12 Cal.Rptr.2d 728, 838 P.2d 250], the Supreme Court stated: " 'When the court denies a writ petition without issuing an alternative writ, *it does not take jurisdiction over the case*; it does not give the legal issue full plenary review.' [Citation.]" (*Leone v. Medical Board, supra,* 22 Cal.4th at pp. 669–670.) A summary denial of such a writ petition therefore cannot constitute a *final* determination of litigation within the meaning of section 391, subdivision (b)(1).[4]

As to the latter type of writ petitions, discussed in *Leone v. Medical Board*, constituting the *exclusive* means of obtaining appellate review, the Supreme Court explained, "an appellate court must judge the petition on its procedural and substantive merits, and a summary denial of the petition is necessarily on the merits. [Citations.] An appellate court that summarily denies a writ petition for lack of substantive merit or for procedural defect thereby fulfills its duty to exercise the appellate jurisdiction vested in it by the state Constitution's appellate jurisdiction clause." (*Leone v. Medical Board, supra,* 22 Cal.4th at p. 670.) Examples of instances in which appellate review may be obtained only through a writ petition include challenges to (1) a ruling on a motion to disqualify a judge under section 170.3, subdivision (d); (2) an order granting or denying a motion to expunge a lis pendens under section

---

[4] In *In re Whitaker* (1992) 6 Cal.App.4th 54, 56–57 [8 Cal.Rptr.2d 249], the plaintiff was determined by the appellate court to be a vexatious litigant under section 391, subdivision (b)(1) and (3), citing the summary denial of the plaintiff's 17 writ petitions. The appellate court in *In re Whitaker,* however, summarized the plaintiff's "extensive history of frivolous filings" and did not explain the nature of the writ proceedings cited. (*In re Whitaker, supra,* 6 Cal.App.4th at pp. 56–57.)

405.39; (3) an order compelling or refusing the disclosure of public documents under the California Public Records Act under Government Code section 6259, subdivision (c); (4) a superior court order following review of an administrative decision revoking, suspending, or restricting a physician's license under Business and Professions Code section 2337; and (5) an order denying a motion to quash service of process based on a lack of personal jurisdiction (*McCorkle v. City of Los Angeles* (1969) 70 Cal.2d 252, 256–257 [74 Cal.Rptr. 389, 449 P.2d 453]). An appellate court's summary denial of this type of writ petition is properly considered a final determination of litigation for purposes of qualifying for vexatious litigant status under section 391, subdivision (b)(1).

The record does not contain any evidence regarding the nature of the seven writ proceedings relied upon by the trial court, other than the trial court's statement the petitions had been "summarily denied." As discussed *ante*, the summary denial of a writ petition that merely sought relief from pretrial rulings and did not constitute the exclusive means of obtaining appellate review would not qualify as a litigation finally determined adversely as to Fink within the meaning of section 391, subdivision (b)(1), and thus cannot count toward the five litigations required for vexatious litigant status. The record therefore does not provide any basis to conclude that any of those summary denials qualified as a litigation finally determined adversely as to Fink.

### 3. *Two More Litigations Were Finally Determined Adversely to Fink.*

We therefore return to the list of the cases contained in the vexatious litigant order and observe the resolution of the cases identified as the fourth and sixth cases is described as follows: "Mr. Fink's appeal was dismissed as untimely." Pursuant to Evidence Code sections 459, subdivision (a) and 452, subdivision (d), on our own motion, we take judicial notice of the unpublished opinions issued by a panel of this court in each of those cases, entitled *Fink v. Kirwin* (Jan. 11, 2008, G038711) and *Fink v. Kirwin* (June 23, 2008, G039395) (the *Kirwin* cases). In the former case, Fink, acting in propria persona, appealed from a judgment entered in favor of the defendants following a bench trial. (*Fink v. Kirwin, supra,* G038711.) Fink's notice of appeal, however, was untimely filed and this court dismissed the appeal due to lack of jurisdiction. (*Ibid.*)[5] In *Fink v. Kirwin, supra,* G039395, Fink

---

[5] See California Rules of Court, rule 8.104(b) ("If a notice of appeal is filed late, the reviewing court must dismiss the appeal."); see also *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 818–819 [63 Cal.Rptr.3d 280] (appellate court has no jurisdiction to consider late-filed appeal).

appealed from a postjudgment order awarding the defendants their attorney fees in the same underlying case, but again filed an untimely notice of appeal; this court dismissed the appeal. (See *Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 993 [35 Cal.Rptr.2d 93] ["The statute does not define the phrase 'final determination against the same defendant . . . ,' " but "a judgment is final for all purposes when all avenues for direct review have been exhausted."]; see also *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 864 [261 Cal.Rptr. 116] [same].) Each of the *Kirwin* cases represents a final determination of a litigation in a manner that was adverse to Fink, within the meaning of section 391, subdivision (b)(1). Adding the *Kirwin* cases brings the total number of cases finally determined adversely to Fink to six—one more than the statutory minimum for the determination of vexatious litigant status.

## D.

### *Fink's Motion to Submit New Evidence on Appeal*

During the pendency of this appeal, Fink filed a motion seeking our consideration of new evidence consisting of a document purporting to constitute the trial court's vacation of the underlying judgment in the *Kirwin* cases on June 18, 2009, on the ground the judgment was procured by extrinsic fraud. Even though the trial court determined Fink to be a vexatious litigant in January 2009 (five months *before* the underlying judgment in the *Kirwin* cases was purportedly vacated), Fink argues the subsequent vacation of that judgment should preclude our consideration of the *Kirwin* cases in reviewing whether he was properly deemed a vexatious litigant. Fink has not offered any legal authority in support of his motion. His motion is in effect a request that we reverse the trial court's properly issued orders, based on subsequent changed circumstances. Pursuant to this court's opinion in *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 96 [73 Cal.Rptr.3d 745], Fink's request must be directed first to the trial court that made the orders, not to this court.

█ In *Luckett v. Panos, supra,* 161 Cal.App.4th at page 96, this court held that "the proper court for an individual seeking to have a section 391.7 prefiling order erased is the very court that entered it in the first place." The court held a "request to lift the injunction represented by the prefiling order could *only* be considered by the court that originated that injunction." (*Ibid.,* italics added.) Concluding a prefiling order constitutes an injunction, the *Luckett* court relied on section 533, which states: "In any action, the court may on notice modify or dissolve an injunction or temporary restraining

order upon a showing that there has been a material change in the facts upon which the injunction or temporary restraining order was granted, that the law upon which the injunction or temporary restraining order was granted has changed, or that the ends of justice would be served by the modification or dissolution of the injunction or temporary restraining order."

Because the trial court is the proper forum to initially address whether a change of circumstances should result in the dissolution of Fink's vexatious litigant status, we deny Fink's motion to submit new evidence.

## E.

### *Conclusion*

We therefore conclude Fink has "commenced, prosecuted, or maintained in propria persona at least five litigations" that were finally determined adversely as to him within the meaning of section 391, subdivision (b)(1). The trial court, therefore, did not err in declaring Fink a vexatious litigant and issuing a prefiling order. We do not need to decide whether the two remaining litigation matters (the seventh and 10th cases) in the vexatious litigant order might also qualify under the statute.

## F.

### *Section 391.1 Is Inapplicable.*

Fink argues that the trial court erred by declaring him a vexatious litigant because he had prevailed in the underlying litigation in this case and section 391.1 requires a lack of a reasonable probability the litigant will prevail in the litigation against the moving party. But section 391.1 is inapplicable to this case. Section 391.1 provides: "In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant."

Here, the trial court did not make its motion to declare Fink a vexatious litigant under section 391.1, nor did it order Fink to furnish any security in accordance with that section. Instead, the court declared Fink a vexatious litigant as defined in section 391, subdivision (b)(1), and ordered the entry of a prefiling order prohibiting Fink, as a vexatious litigant, from filing any *new*

litigation in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. (See § 391.7, subd. (a).)

██    As succinctly stated in 3 Witkin, California Procedure (5th ed. 2008) Actions, section 370, page 479: "A motion for a prefiling order under [section] 391.7 is not required to be made during pending litigation, as does a motion for security under [section] 391.1. By its very nature, the prefiling order of [section] 391.7 affects a vexatious litigant's future filings. The remedy is directed at precluding the initiation of a meritless lawsuit and the costs associated with defending that litigation. Thus, [section] 391.7 affords protection to defendants named in pleadings not yet filed with the court." (See *Bravo v. Ismaj, supra,* 99 Cal.App.4th at p. 222 ["Unlike Section 391.1, section 391.7 does not reference 'pending' litigation."].)

G.

*Fink's Attempt to Challenge the Trial Court's Order Striking Fink's Statement of Disqualification Through This Appeal Is Improper.*

In his opening brief, Fink argues the trial court "clearly erred when [it] determined [its] own bias by striking the recusal motion." If Fink is attempting to challenge the trial court's November 7, 2008 order striking Fink's statement of disqualification, his challenge by this appeal is improper.

Section 170.3, subdivision (d) provides: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification. If the notice of entry is served by mail, that time shall be extended as provided in subdivision (a) of Section 1013." (See *Carl v. Superior Court* (2007) 157 Cal.App.4th 73, 75 [68 Cal.Rptr.3d 566] [writ petition challenging order striking statement of disqualification, filed almost two months after petitioner was served notice of entry of order, was summarily denied as untimely].) Fink therefore may not challenge the trial court's November 7 order through this appeal.

Finally, we must once more admonish Fink about several unacceptable statements, contained in his opening brief and in the record, personally attacking the trial judge in this case. His personal attacks are inexcusable.

## DISPOSITION

The postjudgment orders are affirmed.

Sills, P. J., and Ikola, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 10, 2010, S179741.