Filed 8/27/13  Do v. Dang CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

TUAN ANH DO,

    Plaintiff and Appellant,

    v.

PHUONG DUC DANG et al.,

    Defendants and Respondents.

_____/

A137779

(Alameda County
Super. Ct. No. RG09469814)

Plaintiff Tuan Anh Do (plaintiff) appeals in propria persona from a judgment entered after the trial court denied his motion for leave to amend the complaint for a fourth time and granted Drs. Phuong Duc Dang, M.D. (Dr. P. Dang) and Chuc Van Dang, M.D. (Dr. C. Dang)'s respective motions for summary judgment.  Plaintiff's briefs are difficult to understand, but he seems to contend: (1) the trial court judge was biased against him; (2) the court erred by denying his motion for leave to amend the complaint a fourth time; and (3) the court erred by granting summary judgment.

We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In early 2008, plaintiff went to his primary care physician, Dr. P. Dang, with a complaint of pelvic pain.  Dr. P. Dang evaluated plaintiff and referred him to a urologist. The urologist diagnosed plaintiff with hernias and recommended corrective surgery.  Dr.

1

P. Dang then referred plaintiff to a surgeon, Dr. C. Dang. Dr. C. Dang explained hernia surgery to plaintiff and discussed the risks of such surgery with him. Dr. C. Dang also answered plaintiff's questions about the surgery. Before the surgery, plaintiff signed an informed consent form. Dr. C. Dang performed the surgery. After the surgery, plaintiff experienced pain and was left with "two long scars," which were "not as *minimal*" as his "[s]urgeon had [led him] to expect."

Plaintiff sued Dr. P. Dang, Dr. C. Dang (collectively defendants) and others for various claims, including fraud and battery. The trial court sustained defendants' demurrers to the second amended complaint but granted plaintiff leave to amend to allege a cause of action for professional negligence.[1] Plaintiff filed a third amended complaint alleging a sole claim for professional negligence against defendants.

Defendants filed separate summary judgment motions relying on expert testimony demonstrating their conduct complied with the standard of care and was not a substantial factor in causing plaintiff's injury. Plaintiff opposed the motions, but offered no competent evidence that defendants did not comply with the standard of care or that they caused or contributed to his alleged injuries.[2] Plaintiff did not offer expert testimony in opposition to defendants' motions.

The court granted defendants' motions. It determined defendants were entitled to summary judgment because plaintiff failed to "present any competent evidence to present a triable issue of fact as to any purported malpractice[,]" including expert testimony. In

---

[1]     Plaintiff appealed from the demurrer rulings. This court dismissed portions of the appeal and otherwise affirmed. (*Do v. Dang* (Mar. 25, 2011, A128467) [nonpub. opn.].) We deny plaintiff's June 17, 2013 request for judicial notice of various documents from his "previous appeal" because it fails to comply with Rules of Court, rule 8.252.

[2]     Plaintiff moved to amend the complaint to add causes of action for fraud and battery, and to add a punitive damages claim. The trial court denied the motion, concluding it was untimely and that plaintiff could not establish a substantial probability of prevailing on the claims under Code of Civil Procedure section 425.13. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 [plaintiff bears burden of showing that he can amend his pleading to state a cause of action].) Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

addition, the court concluded plaintiff failed to raise a triable issue of fact regarding his claim that defendants failed to obtain informed consent. The court entered judgment for defendants.

DISCUSSION

"Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs — must be supported by a citation to the record." (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2012) ¶ 9:36, p. 9-12; Cal. Rules of Court, rule 8.204(a)(1)(C).) "'It is neither practical nor appropriate for us to comb the record on [the appellant's] behalf.'" (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.) We may decline to consider arguments not supported by citations to the record. (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 195.) Plaintiff's briefs contain insufficient record citations and refer to matters outside the record. (Cal. Rules of Court, rule 8.204(a).) Although we are hesitant to do so, we exercise our discretion to consider the points raised in his appeal. (See *Schmier v. Supreme Court* (2000) 78 Cal.App.4th 703, 712.)

I.

*Plaintiff's Claim Regarding the Court's
Purported Bias Has No Merit*

Plaintiff appears to contend the trial court judge was "biased" against him. Plaintiff's claim consists solely of hyperbolic personal attacks on the judge, unsupported by the record in this case or by any meaningful legal or factual analysis. These "personal attacks are inexcusable" and we admonish plaintiff. (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1176.) The court was "patient, courteous and helpful" to plaintiff, and took extra steps to assure he had a full and fair opportunity to litigate his claims. (See, e.g., *Eistrat v. Western Hardwood Lumber Co.* (1958) 164 Cal.App.2d 374, 383.) For example, in a thoughtfully worded order sustaining Dr. C. Dang's demurrer to the first amended complaint with leave to amend, the court took extra steps to outline for plaintiff an appropriate approach to cure the deficiencies in his pleading and explained how to

3

plead the elements of a fraud cause of action with requisite specificity. In addition, when the court sustained Dr. C. Dang's demurrer to the second amended complaint with leave to amend, it considered plaintiff's late-filed opposition and declined to impose sanctions for plaintiff's failure to comply with "statutes, rules of court, and court orders."

## II.
### *The Denial of Plaintiff's Motion for Leave to Amend the Complaint was Not an Abuse of Discretion*

Next, plaintiff appears to argue the court erred in denying his motion for leave to amend the complaint. The court did not abuse its discretion by denying leave to amend where plaintiff's motion to add a punitive damages claim was untimely and where the court had previously sustained defendants' demurrers to the fraud and battery claims without leave to amend. (§ 425.13.)

## III.
### *The Court Properly Granted Summary Judgment for Defendants*

Finally, plaintiff claims the court erred by granting summary judgment for defendants. We review the trial court's decision granting summary judgment de novo (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*)), applying the same three-step analysis required of the trial court. (*Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1431-1432.) After identifying the issues framed by the pleadings, we determine whether the moving party has established facts justifying judgment in its favor. If the moving party has carried its initial burden, we then decide whether the opposing party has demonstrated the existence of a triable issue of material fact. (*Id.* at p. 1432.) We strictly construe the moving party's evidence and liberally construe the opposing party's evidence (*Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 838-839) and we may not weigh the evidence or conflicting inferences. (*Aguilar, supra,* 25 Cal.4th at p. 856; § 437c, subd. (c).) A triable issue of material fact exists if the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. (*Aguilar,* at p. 850.)

4

To prove a professional negligence claim, the plaintiff must establish the applicable standard of care and a breach of that standard. (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 607 (*Hanson*).) "Because the standard of care in a medical malpractice case is a matter 'peculiarly within the knowledge of experts' [citation], expert testimony is required to 'prove or disprove that the defendant performed in accordance with the standard prevailing of care' unless the negligence is obvious to a layperson." (*Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 305.) Similarly, "[c]ausation must be proven within a reasonable medical probability based upon competent expert testimony." (*Dumas v. Cooney* (1991) 235 Cal.App.3d 1593, 1603; *Hanson, supra,* 76 Cal.App.4th at p. 607.)

A medical malpractice defendant who supports a summary judgment motion with applicable expert declarations "'is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence.'" (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 985.) Here, Dr. P. Dang submitted the declaration of board-certified physician Dr. Dean Nickles, M.D., who averred Dr. P. Dang complied with the standard of care when he evaluated plaintiff and referred him to Dr. C. Dang for surgery. Dr. Nickles also averred Dr. P. Dang was not required to obtain plaintiff's consent to perform the hernia repair surgery because Dr. P. Dang did "not participate in the . . . surgery, either the pre-operative, operative nor post-operative phase." Finally, Dr. Nickles stated that "any alleged negligent act or omission" by Dr. P. Dang "did not cause Plaintiff's alleged injuries."

Similarly, Dr. C. Dang supported his summary judgment motion with the declaration of Dr. Michael Wynn, M.D., a board-certified general surgeon, who averred: (1) "[s]urgery was reasonably indicated" for plaintiff; (2) plaintiff's "informed consent was obtained, and documented;" (3) the surgery was performed within the "standard of care" and Dr. C. Dang "performed appropriate postoperative follow-up;" (4) Dr. C. Dang "complied with the standard of care in all respects;" and (5) "his care was not a substantial factor in causing [plaintiff's] injury." Plaintiff has not — and cannot — establish Drs. Nickles and Wynn are not qualified expert witnesses. Plaintiff's failure to

5

present expert testimony in opposition to the declarations of Drs. Nickles and Wynn is fatal to his professional negligence claim.

We reject plaintiff's suggestion that he established negligence based on failure to obtain informed consent. In support of his summary judgment motion, Dr. P. Dang averred he did not participate in the surgery, and he presented expert testimony that he was not required to obtain plaintiff's consent to perform the surgery. Dr. C. Dang offered evidence in support of his motion for summary judgment that his discussion with plaintiff regarding the risks of the surgery was within the standard of care and that plaintiff was adequately informed prior to surgery.

We conclude the court properly granted defendants' motions for summary judgment.

## DISPOSITION

The judgment is affirmed. Defendants are entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.

6