Filed 8/26/25  P. v. Brady CA4/3
Opinion following rehearing

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PATRICK DAMIAN BRADY,<br><br>    Defendant and Appellant. | G063549<br><br>(Super. Ct. No. 95HF1058)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Vacated and remanded with directions. Request for judicial notice granted.

Christopher Stansell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

Patrick Damian Brady appeals from the denial of his petition for recall and resentencing pursuant to Penal Code section 1172.75 (all undesignated statutory references are to this code). Brady contends the trial court erred in concluding he was not entitled to relief because his enhancement for a prior prison term under former section 667.5, subdivision (b) (prison prior) was stricken for purposes of sentencing. We initially issued an opinion concluding Brady was entitled to be resentenced under section 1172.75, and thus, we reversed and remanded the matter to the trial court for resentencing. However, we subsequently granted the Attorney General's motion for rehearing, thereby vacating our initial opinion. The Attorney General argues, inter alia, Brady is not currently serving a term for the judgment in this case and, instead, is currently in custody on a separate judgment from a case in Los Angeles County Superior Court. According to the Attorney General, the judgment in this case thus cannot be the basis for relief under section 1172.75. As the trial court does not appear to have considered this issue in the first instance, we vacate the order and remand for further proceedings.

PROCEDURAL HISTORY

In this case, in 1995, Brady pleaded guilty to being a felon in possession of a handgun and, relevant here, he admitted, in addition to having suffered a prior felony "strike" conviction, to having a prison prior. The trial court found the prison prior to be true, which was stricken for purpose of sentencing only, and the court sentenced Brady to two years eight months imprisonment.

In November 2023, Brady filed a petition for recall and resentencing under section 1172.75, which the trial court denied, finding

2

Brady was "ineligible for relief because all related enhancements were either stayed or stricken at time of sentencing."

DISCUSSION

"Before 2020, the Penal Code instructed criminal sentencing courts to 'impose a one-year term for each prior separate prison term or county jail term' the defendant had previously served for a felony. [Citation.] Effective January 1, 2020, the Legislature eliminated these one-year prior-prison-term enhancements except in cases involving prior terms for sexually violent offenses. [Citation.] Two years later, the Legislature made the change retroactive." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1053–1054 (*Rhodius*).) "In . . . section 1172.75, the Legislature declared that, aside from enhancements imposed for sexually violent offenses, '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to' . . . section 667.5, subdivision (b) 'is legally invalid.'" (*Id.* at p. 1054; see § 1172.75, subd. (a).) "In the same provision, the Legislature established a mechanism for resentencing individuals 'currently serving a term for a judgment that includes' such an enhancement." (*Rhodius*, at p. 1054; see § 1172.75, subd. (b).)

The Attorney General argues, inter alia, Brady's judgment in this case cannot be the basis for relief under section 1172.75 because he is not currently serving a term for that judgment. The Attorney General asserts Brady already completed his sentence for this case and he is currently in custody on a separate judgment from a case in Los Angeles County Superior

Court.[1] The Attorney General further contends Brady was sentenced to an indeterminate term of 25 years to life in the Los Angeles County Superior Court case, and the judgment in this Orange County Superior Court case cannot be considered merged or aggregated with the judgment in the Los Angeles County Superior Court case because the sentence in the Los Angeles County Superior Court case was to run concurrent to the Orange County judgment.

The trial court does not appear to have considered this issue and whether it requires denying Brady's petition. Thus, we vacate the trial court's order and remand to the court to consider this issue in the first instance. On remand, the court may also address, if the court deems it necessary to do so, the other arguments raised by the parties regarding whether Brady qualifies for relief under section 1172.75.

## DISPOSITION

The postjudgment order denying Brady's petition for recall and resentencing is vacated and the matter is remanded to the trial court for

---

[1] The Attorney General requests this court take judicial notice of the clerk's transcript, the reporter's transcript, and nonpublished opinion in *People v. Brady* (Mar. 30, 1998, B115543). In our initial opinion, we denied this request. We now grant the request for judicial notice of these documents. (See Evid. Code, § 452, subd. (d), § 459, subd. (a); *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171.)

further proceedings consistent with this opinion. The request for judicial notice is granted.



MOTOIKE, ACTING P. J.

WE CONCUR:


MOORE, J.


SANCHEZ, J.