Filed 11/12/20  The Law Firm of Fox and Fox v. Arias CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE LAW FIRM OF FOX AND FOX,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>REBECCA ARIAS,<br><br>    Defendant and Appellant. | B294270<br><br>(Los Angeles County Super. Ct. No. BC590351) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry Green, Judge.  Affirmed.

Rebecca Arias, in pro. per., for Defendant and Appellant.

The Law Firm of Fox and Fox, Frank O. Fox, for Plaintiff and Respondent.

―――――――――――――

Defendant and appellant Rebecca Arias appeals the August 1, 2018 judgment in favor of plaintiff and respondent the Law Firm of Fox and Fox, a general partnership composed of Frank O. Fox and Claire S. Fox (the Fox firm), after a court trial.

Rebecca's[1] briefing fails to demonstrate error through coherent argument, including citation to the record and supporting legal authority. Finding nothing in the briefs or the record to support Rebecca's request for reversal, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Anthony Arias had three daughters, Rebecca, Lupe Kardoulias, and Antoinette Ovall. The family members have been involved in a number of lawsuits, both before and after Anthony's death in 2010. To provide context to Rebecca's arguments in the current appeal, we take judicial notice of the following nonpublished opinions issued by other divisions of this court: *Arias v. Kardoulias* (Dec. 14, 2011, B232363); *Arias v. Kardoulias* (*Estate of Arias*) (Dec. 21,

―――――――――――――

[1] Because different family members share the same last name, we will refer to individuals by their first names for ease of reference. No disrespect is intended.

2017, B264101); and *Arias v. Kardoulias* (Aug. 8, 2018, B271724). (Evid. Code, § 452, subd. (d) [judicial notice may be taken of court records *Arias v. Kardoulias*]; Evid. Code, § 459; *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171, 1173 [court may take judicial notice of prior unpublished opinions in related appeals on its own motion].)

*Labor case*

Rebecca filed a wage claim against Anthony for housekeeping and personal care services, later amending her claim to name Lupe. The Labor Commission made an award for less than Rebecca's original claim. Rebecca appealed without counsel, and Division Three of this court affirmed in 2011, because the notice of appeal was filed one day too late. (*Arias v. Kardoulias*, *supra*, B232363.)

*Probate case*

After Anthony's death, his three daughters fought over administration of his estate. A number of separate actions were consolidated into a single proceeding with the primary issue being Anthony's capacity in December 2009, when he signed a will and grant deeds transferring three pieces of real property. (*Estate of Arias*, *supra*, B264101.) Rebecca hired the Fox firm to represent her in the proceeding, signing an initial retainer agreement in July 2010 and a subsequent agreement in November 2010. Antoinette also

hired the Fox firm, signing a retainer agreement in October of 2010.  The probate judge, Lesley C. Green, determined that Anthony had the requisite capacity when he executed the will and grant deeds at issue, that Rebecca failed to overcome the presumption of capacity, and Rebecca and Antoinette failed to prove undue influence.  (*Estate of Arias*, *supra*, B264101.)

Rebecca appealed without counsel, and in December 2017, Division Three affirmed the probate court's decision, in part because the record on appeal was inadequate.

*Real property case*

Rebecca sued Lupe, asserting various claims in connection with the proceeds and sale of a parcel of real property in Mexico.  The trial court granted Lupe's motion for summary judgment, holding that each of Rebecca's claims were either time barred or barred by the doctrine of res judicata because they had been litigated previously during a 2008 case filed by Rebecca against Anthony and the family's trust.  (*Arias v. Kardoulias*, *supra*, B271724.)  In August 2018, Division Three affirmed the trial court's decision, reasoning that Rebecca had failed to carry her burden to affirmatively demonstrate error.  (*Ibid.*)

4

*Collection case – current appeal*

In 2015, the Fox firm sued Rebecca, Antoinette, and Antoinette's daughter Alyse[2] for payment under the retainer agreements in the probate case.  Rebecca filed an answer, in which she asserted that her only form of income was SSI and she did not own the real property identified in the complaint.  After appearing in pro per at a case management conference in December 2015, Rebecca failed to appear at subsequent court conferences.  The case was continued a number of times until the July 9, 2018 trial date.  On April 2, 2018, Rebecca was served by mail with notice of the July 9, 2018 trial date.  On July 6, 2018, the Fox firm dismissed Alyse with prejudice.

A court trial was held on July 9, 2018.  The only parties present for the trial were the Fox firm, represented by Frank O. Fox, and Antoinette, appearing in propria persona.  Rebecca did not appear at trial.  The court awarded the Fox firm $15,158.00 and ordered the Fox firm to give notice and submit a proposed judgment.  On August 1, 2018, the court entered judgment against Rebecca and Antoinette and in favor of the Fox firm, for the amount awarded at trial.  According to the form judgment, Rebecca was properly served with notice of trial and did not appear, and no party requested a statement of decision.

---

[2] Alyse signed a retainer agreement with the Fox firm in April 2013 for representation in a case filed against her by Lupe's son, George Kardoulias.

Rebecca filed a notice of appeal on December 5, 2018. On January 23, 2019, she filed a proposed settled statement.[3] According to the case summary, the Fox firm filed objections to Rebecca's proposed settled statement, together with its own proposed settled statement on May 28, 2019. On August 23, 2019, Rebecca filed an "answer to set aside/vacate judgment and settled statement hearing." Other than Rebecca's proposed settled statement, none of the other documents appear in the appellate record.[4]

At a hearing on September 10, 2019, Judge Terry Green considered both proposed settled statements, noting that the Fox firm's statement comported with his memory of the proceedings, because the probate case had taken place in his wife's courtroom. His recollection was that on the trial date, Antoinette was present and signed a settlement for a reduced fee amount. Judge Green recalled that Rebecca did not appear in court for trial or for many other court dates. Rebecca offered documentation of multiple surgeries and hospitalizations, noting that her sister and her sister's

------

[3] Rebecca also filed three different versions of the form titled Notice Designating Record on Appeal. The first was filed on December 19, 2018, the second on January 23, 2019, and the third on April 10, 2019.

[4] Both Rebecca and the Fox firm attached exhibits to their briefs, but those exhibits did not include the Fox firm's proposed settled statement or objections, a motion to vacate judgment, or an "answer to set aside/vacate judgment and settled statement hearing."

attorney knew she was in the hospital. Judge Green noted that no one had notified the court, and there was no evidence Rebecca had been incapacitated for a three-year period. Judge Green gave Rebecca and Frank Fox an opportunity to state on the record what they wanted the Court of Appeal to know. Rebecca recounted that she met Frank (one of the two general partners of the Fox firm) after he was recommended by the Los Angeles Bar Association; she interviewed several attorneys, and he told her he could take her will contest. According to Rebecca, Frank knew she had no money, she had to sell life insurance, he was aware of the actions her sisters had taken against her, but he still wanted to represent her sister. Frank stated that Rebecca and Antoinette both signed conflict waivers and believed their position in the probate case was stronger because they were both attacking the same will as unfair. Rebecca responded that Frank wanted to get 30 percent from each of them, Frank told Rebecca he would drop the case unless Antoinette joined, and Rebecca lacked sufficient funds to hire a new attorney. The court ended the hearing by adopting the Fox firm's proposed settled statement and including as part of the record "a package of documents, which includes correspondence, the proposed settled statement from [Frank], correspondence from [Rebecca]." The documents mentioned do not appear in the record on appeal. The September 10, 2019 minute order states that transcript of the proceeding is to be deemed the settled statement, and that the motion to vacate judgment is denied.

# DISCUSSION

In the portion of her opening brief labeled "Conclusion," Rebecca respectfully asks this court to reverse the trial court's judgment and to vacate an abstract filed at the recorder's office. Because nothing in the briefs or the record demonstrates error on the part of the trial court, we affirm the judgment.

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)" (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935.) "'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United Grand*).)

Rebecca's brief lacks headings for any points of argument, and the arguments we are able to discern are not supported by legal analysis and citations to the record. (Cal. Rules of Court, rule 8.204(a)(1)(B) [party's brief must "[s]tate each point under a separate heading or subheading . . . and support each point by argument and, if possible, by citation of authority"].) The Fox firm's respondent's brief also lacks any citations to the record or relevant legal authority.

The appellate court will not take on the burden of scouring the record to find support for the various factual and legal claims made by either side. (*Harshad & Nasir*

*Corp. v. Global Sign Systems, Inc.* (2017) 14 Cal.App.5th 523, 527, fn. 3.) Although we may exercise our discretion to consider arguments for which we can discern a legal or factual basis in the briefs, no such basis is apparent. "'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.' [Citations.] We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' [Citation.]" (*United Grand, supra*, 36 Cal.App.5th at p. 153.)

As far as we can discern from her brief, most of Rebecca's arguments concern longstanding grievances she has with Lupe and Antoinette, none of which are relevant to the current case.

To the extent Rebecca attempts to argue that the retainer agreement between herself and the Fox firm was invalid or unenforceable, or that her performance under the contract is somehow excused based on her financial situation, her claims are waived because she did not appear at trial to raise those arguments in a timely manner. "'"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." [Citation.] The critical point for preservation of claims on appeal is that the

9

asserted error must have been brought to the attention of the trial court.' [Citations.] "'It is unfair to the trial judge and to the adverse party to take advantage of an alleged error on appeal where it could easily have been corrected at trial. [Citations.]" [Citation.]' [Citation.]" *(DiPirro v. Bondo Corp.* (2007) 153 Cal.App.4th 150, 177–178.)

To the extent Rebecca contends the judgment is invalid because she did not receive notice of the trial date or had an excuse for her failure to attend, the record on appeal does not support her argument. At the settled statement hearing, the trial court noted that over many months, Rebecca never appeared at many of the pre-trial or trial hearings, never informed the court of her inability to attend hearings, and there was no evidence to support her position that she was incapacitated for three-year period during which the case had been pending.

References in Rebecca's briefing to lodestar attorney fee adjustments do not demonstrate any error, because the judgment was for damages only, and did not include an award of attorney's fees. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131–1132 [describing process of calculating attorney fee award using lodestar method].)

Discerning no viable argument on appeal, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.  Plaintiff and respondent the Law Firm of Fox and Fox, a general partnership composed of Frank O. Fox and Claire S. Fox, is awarded costs on appeal.


MOOR, J.

We concur:



RUBIN, P. J.



BAKER, J.

11