[No. C019155. Third Dist. Sept. 25, 1995.]

LLOYD TOKERUD, Plaintiff and Appellant, v.
CAPITOLBANK SACRAMENTO et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*See footnote 1, *post*, page 777.

COUNSEL

Lloyd Tokerud, in pro. per., for Plaintiff and Appellant.

Burger & Plavan, Randy L. Barrow and Grant A. Rosenblum for Defendants and Respondents.

## OPINION

PUGLIA, P. J.—Plaintiff appeals from a judgment of dismissal entered after he failed to furnish security as ordered by the superior court pursuant to the vexatious litigant statute. (Code Civ. Proc., § 391 et seq.; further statutory references to sections of an undesignated code are to the Code of Civil Procedure.) Plaintiff contends the finding he is a vexatious litigant is not supported by the record. We affirm. In the published part of this opinion we conclude that an action voluntarily dismissed by plaintiff without prejudice was thereby "finally determined adversely" to plaintiff within the meaning of the vexatious litigant statute.[1]

I

Because of the posture of this proceeding, a complete recitation of the facts underlying the dispute between the parties is unnecessary. Defendants are CapitolBank Sacramento (CapitolBank) and two of its vice-presidents, Mark Luke and Eric Northman. According to his complaint, plaintiff obtained a construction loan from CapitolBank and a dispute arose regarding performance under the loan agreement. Plaintiff initiated this action against

---

[1] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and V.

defendants and others claiming breach of contract, misrepresentation, negligence, and intentional interference with business relations.[2]

Defendants moved for an order finding plaintiff a vexatious litigant. Under section 391 et seq., a defendant may move the court at any time before final judgment for an order requiring the plaintiff to furnish security upon a showing "that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant." (§ 391.1.) A vexatious litigant includes anyone who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (§ 391, subd. (b)(1).) A plaintiff found to be a vexatious litigant will be required to furnish security in order to proceed with the matter at hand. (§ 391.3.)

The superior court found plaintiff met the requirements of section 391, subdivision (b)(1), in that plaintiff had prosecuted in propria persona five actions within the last seven years which were finally determined adversely to him and it is not reasonably probable plaintiff will prevail in this matter. The court ordered plaintiff to furnish security in the amount of $60,000. Plaintiff failed to furnish security as ordered and the court entered judgment of dismissal.

II

Plaintiff challenges three of the five matters relied on by the trial court to find him a vexatious litigant. In Tokerud Associates v. Marcello (Super. Ct. Sacramento County, No. 536454) (hereafter Tokerud v. Marcello), plaintiff filed a complaint in propria persona on October 1, 1993. On February 16, 1994, plaintiff voluntarily dismissed the matter without prejudice. A dismissal without prejudice does not bar another action involving the same parties and the same cause of action if initiated within the appropriate statutory period. (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784 [176 Cal.Rptr. 104, 632 P.2d 217].) In the superior court, plaintiff argued this matter "was mistakenly filed in Superior Court" and he expects it "will be properly refiled in Sacramento Municipal Court."

---

[2] Also named as defendants were Placer Title Company and its president, Jerry Adams. These defendants were dismissed following a court order sustaining their demurrers without leave to amend.

Plaintiff contends a voluntary dismissal without prejudice is not a final determination of the action adverse to him. Plaintiff cites no authority for his contention. He relies on language in *Cook* v. *Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761 [157 P.2d 868] that voluntary dismissal is "as though no action had ever been filed." Reading this statement literally, plaintiff argues an action which has never been filed cannot be counted for purposes of a vexatious litigant determination.

*Cook* does not assist plaintiff. That case involved a voluntary dismissal after the court overruled the defendant's demurrer. The defendant appealed the adverse ruling on the demurrer but the appellate court dismissed the appeal, concluding the defendant was not aggrieved by the judgment. (68 Cal.App.2d at p. 762.) The court indicated voluntary dismissal put the defendant in exactly the position it desired and left it "the successful contender." (*Ibid.*)

Plaintiff's contention a voluntarily dismissed action cannot be counted for purposes of the vexatious litigant statute is contrary to the underlying intent of that legislation. "The vexatious litigant statutes were enacted to require a person found a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of one of these obsessive and persistent litigants whose conduct can cause serious financial results to the unfortunate object of his attack." (*First Western Development Corp.* v. *Superior Court* (1989) 212 Cal.App.3d 860, 867 [261 Cal.Rptr. 116].) "The constant suer for himself becomes a serious problem to others than the defendant he dogs. By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts." (*Taliaferro* v. *Hoogs* (1965) 237 Cal.App.2d 73, 74 [46 Cal.Rptr. 643].)

An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial. A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion. The difference is one of degree, not kind.

In the comparable context of a malicious prosecution action, a voluntary, unilateral dismissal of the underlying dispute is generally considered a termination in favor of the defendant. (*Villa* v. *Cole* (1992) 4 Cal.App.4th 1327, 1335 [6 Cal.Rptr.2d 644].) Only where the dismissal leaves some

doubt regarding the defendant's liability, as where the dismissal is part of a negotiated settlement, will the dismissal not be deemed a termination favorable to the defendant. (*Ibid.*)[3]

Plaintiff does not suggest the dismissal in Tokerud v. Marcello was part of a negotiated settlement. In his memorandum in opposition to defendants' vexatious litigant motion, plaintiff argued the dismissal was due to the matter having been filed in the wrong court. However, plaintiff cited no factual support for this contention.[4] In any event, the superior court was free to discount plaintiff's self-serving statement. On appeal, we presume the order finding plaintiff a vexatious litigant is correct and imply such findings as are necessary to support it. (*Devereaux* v. *Latham & Watkins* (1995) 32 Cal.App.4th 1571, 1582 [38 Cal.Rptr.2d 849].) The complaint in Tokerud v. Marcello claimed damages of $100,000. By the time defendants' vexatious litigant motion was heard, more than two months had elapsed since plaintiff dismissed Tokerud v. Marcello but plaintiff had not yet refiled the action in the municipal court. Under these circumstances, the superior court properly relied on Tokerud v. Marcello in finding plaintiff a vexatious litigant.

III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

IV

Plaintiff contests the superior court's reliance on Tokerud v. Placer Title Co. (Super. Ct. Sacramento County, No. 508258) in finding him a vexatious litigant (hereafter Tokerud v. Placer Title). In support of their vexatious litigant motion, defendants submitted a copy of a judgment entered against plaintiff in Tokerud v. Placer Title on November 24, 1993. Plaintiff submitted no evidence and raised no contentions in the superior court regarding this action.

On appeal, plaintiff for the first time argues Tokerud v. Placer Title is not yet final, as the matter has been appealed to this court and is not yet

---

[3]Voluntary dismissal is only prima facie proof the litigation was "determined adversely" to the plaintiff. Plaintiff may rebut this showing by contrary proof. For example, voluntary dismissal of a complaint for unlawful detainer after the tenant has voluntarily vacated does not constitute a determination of that litigation adverse to the plaintiff because plaintiff has accomplished the object of the litigation. In any event defendant, as moving party, bears the ultimate burden of persuasion.

[4]Plaintiff cited only generally to his declaration in opposition to the motion. However, that declaration contained no mention of Tokerud v. Marcello.

*See footnote 1, *ante,* page 777.

resolved. As a general matter, appellate courts will not consider issues raised for the first time on appeal. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 311, p. 321; *Planned Protective Services, Inc.* v. *Gorton* (1988) 200 Cal.App.3d 1, 12-13 [245 Cal.Rptr. 790].)

Moreover, even were we to consider plaintiff's contention and conclude Tokerud v. Placer Title was improperly considered by the superior court, this would avail plaintiff nothing. In support of their motion, defendants presented evidence of more than five lawsuits maintained by plaintiff in propria persona.[6] The record shows that at least one of the lawsuits which the superior court did not expressly rely upon, Tokerud Associates v. Schmelter (Super. Ct. Sacramento County, No. 535999) (hereafter Tokerud v. Schmelter), has been finally determined adversely to plaintiff.

According to defendants' showing, Tokerud v. Schmelter was filed by plaintiff in propria persona on September 8, 1993. On January 7, 1994, the superior court entered an order sustaining the defendants' demurrer to the complaint without leave to amend. Thereafter, plaintiff filed a voluntary dismissal. Plaintiff submitted no evidence or arguments in opposition to defendants' showing on this matter. On appeal, plaintiff now contends Tokerud v. Schmelter was mistakenly filed on behalf of Tokerud Associates, a nonexistent entity, and the demurrer was sustained on this basis.

Even considering plaintiff's untimely argument, which has no evidentiary support in the record, it does not address the fact plaintiff initiated this action on behalf of Tokerud Associates *and himself* and the matter was finally determined adversely as to both. As with Tokerud v. Marcello, the fact the matter was dismissed by plaintiff without prejudice is of no moment. Regardless of who initiated it, the dismissal followed as a matter of course from the sustaining of demurrers without leave to amend. (*Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 860 [279 P.2d 8].)

Thus, even assuming the superior court improperly considered Tokerud v. Placer Title in finding plaintiff a vexatious litigant, the court could instead have used Tokerud v. Schmelter which, as a matter of law, has been finally determined adversely to plaintiff within the meaning of section 391, subdivision (b)(1).

---

[6]In its order finding plaintiff a vexatious litigant, the superior court listed the five actions which it relied upon for its determination: "*Tokerud* v. *Hansen, Tokerud* v. *Sirsi, Tokerud* v. *Mack, Tokerud* v. *Marcello, Tokerud* v. *Placer Title.*"

V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Sims, J., and Morrison, J., concurred.

A petition for a rehearing was denied October 25, 1995, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 14, 1995.

---

*See footnote 1, *ante*, page 777.