Filed 5/2/16  Martin  v. Graves CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RONNIE S. MARTIN, | B262355 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC537705) |
| v. | |
| K. GRAVES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John L. Segal, Judge.  Affirmed.

Ronnie S. Martin, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Assistant Attorney General, Thomas S. Patterson and Cassandra J. Shryock, Deputy Attorneys General, for Defendants and Respondents.

_____

Plaintiff Ronnie Martin appeals from a judgment dismissing this action without prejudice for failure to post a security bond after the trial court declared him a vexatious litigant. Martin disputes the Attorney General established he qualifies as a vexatious litigant. We affirm.

## BACKGROUND

In February 2014, Martin, a state prison inmate, filed this action against Officer K. Graves and Lieutenant A. Lugo, employees of the California Department of Corrections and Rehabilitation (collectively, defendants). Using a form complaint, Martin asserted causes of action for intentional tort and sought exemplary damages for defendants' alleged malice, fraud and oppression.

In these causes of action, Martin alleged Officer Graves engaged in intentional deception when she told Lieutenant Lugo, the senior hearing officer, that Martin did not request any witnesses at the hearing on a rules violation report (RVR) documenting alleged prison misconduct. According to Martin, when Graves handed him a copy of the RVR, he informed her he wanted witnesses at his hearing, "but she was too busy to write them down." Martin informed Lugo that a witness named Officer Dyer could "verify that Officer Graves had refused to pick up Plaintiff's . . . witness list." Martin also told Lugo that Dyer had transferred to a correctional facility in Tehachapi. Martin alleged Lugo engaged in deception when he told Martin he would call Dyer as a witness at the hearing but failed to do so. Martin attached to his complaint prison documents indicating that, after the hearing, Lugo issued a new RVR to Martin for falsifying a legal document by indicating he had requested witnesses for the hearing. The new RVR was later dismissed after Officer Dyer was interviewed and gave a statement regarding his conversations with Martin and Officer Graves about Martin's witness list. Martin alleged, as a result of defendants' conduct, he suffered "extreme mood swings," an "unbearable headache," and "stomach problems." He further alleged his "asthma went out of control," and his "blood pressure sky rocketed."

2

In June 2014, defendants filed a motion for an order declaring Martin a vexatious litigant under Code of Civil Procedure section 391,[1] for an order requiring Martin to post a bond under section 391.1, and for a prefiling order prohibiting Martin from filing new litigation in pro. per. without obtaining leave of the presiding judge under section 391.7. In connection with the vexatious litigant motion, defendants filed a request for the trial court to take judicial notice of 11 actions Martin filed in pro. per. in the preceding seven years, which defendants argued establish Martin is a vexatious litigant within the meaning of section 391, subdivision (b)(1).[2] Defendants also requested the court take judicial notice of a copy of a LexisNexis CourtLink search result indicating Martin had litigated approximately 144 matters in federal and state courts in the preceding 14 years. Defendants further argued Martin has no reasonable probability of prevailing in this action—and therefore must be required to post a security bond under section 391.3— because defendants, as prison officials, are immune from liability in conducting prison disciplinary hearings.

Martin filed an opposition to the motion, arguing the Attorney General did not demonstrate he qualifies as a vexatious litigant under section 391 because the Attorney General did not establish the requisite number of qualifying actions.

On August 20, 2014, the trial court held a hearing on defendants' vexatious litigant motion. Martin appeared by telephone. After hearing from the parties, the court granted defendants' request for judicial notice and granted the vexatious litigant motion. The court found Martin qualified as a vexatious litigant under section 391, subdivision

[1] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] As defined in section 391, subdivision (b)(1), "Vexatious litigant" means a person who, "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."

3

(b)(1), based on the number of actions he had litigated in the preceding seven years. The court also found there is no reasonable probability Martin will prevail in this action based on defendants' governmental immunity. Therefore, the court ordered Martin to post a security bond in the amount of $7,905 by September 19, 2014. The action was automatically stayed until 10 days after Martin posted the bond. (§ 391.6.) The court also issued a prefiling order prohibiting Martin from filing new litigation in pro. per. without obtaining leave of the presiding judge under section 391.7.

Martin did not post the required security bond. On February 18, 2015, the trial court dismissed the action without prejudice due to Martin's failure to post the bond. The court entered judgment in favor of defendants on March 4, 2015.

## DISCUSSION

**Vexatious Litigant Finding**

Martin contends the Attorney General has not established he qualifies as a vexatious litigant within the meaning of section 391, subdivision (b)(1). "The trial court exercises its discretion in determining whether a person is a vexatious litigant. Review of the order is accordingly limited and the Court of Appeal will uphold the ruling if it is supported by substantial evidence." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.)

As set forth above, under section 391, subdivision (b)(1), a person qualifies as a vexatious litigant where, "[i]n the immediately preceding seven-year period [he] has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."

In *Martin v. Morris* (C.D.Cal., Aug. 28, 2013, CV 10-5232-PSG), litigated by Martin in pro. per., the district court dismissed the action with prejudice on August 28, 2013, after granting the defendants' motion for summary judgment. As stated in the magistrate judge's report and recommendation regarding the motion for summary judgment, Martin filed this action under title 42 United States Code section 1983, alleging the defendants (prison doctors) "violated his Eighth Amendment right to be free

4

from cruel and unusual punishment in the conditions of his confinement when they refused his request to be issued special soap and lotion, which he claims prevented him from maintaining proper hygiene."

In *Martin v. Layton* (Super. Ct. Riverside County, 2010, No. RIC531187), litigated by Martin in pro. per., the superior court dismissed the action on April 9, 2010, after sustaining the defendant's demurrer to the first amended complaint without leave to amend. The nature of the causes of action and allegations in this civil action are not clear from the record, but that is immaterial to our analysis of whether the action qualifies as a "litigation" within the meaning of section 391, subdivision (b)(1).

In *Martin v. Ponder* (N.D.Cal., Apr. 20, 2009, C 08-4459 JF), litigated by Martin in pro. per., the district court dismissed Martin's complaint with leave to amend on the ground the action appeared time-barred. After Martin failed to amend the complaint, and requested the court dismiss the action, the court dismissed the case without prejudice.[3] As stated in the court's order dismissing the complaint with leave to amend, Martin filed this action under title 42 United States Code section 1983, alleging the defendants (prison employees) "refused to send him to a dentist outside the prison, as had been recommended by a prison dentist."

In *Martin v. Tzakis* (Super. Ct. Riverside County, 2008, No. RIC479865), litigated by Martin in pro. per., the superior court dismissed the action on February 1, 2008, after sustaining the defendants' demurrer to the complaint without leave to amend. The nature of the causes of action and allegations in this civil action are not clear from the record.

---

[3] This voluntary dismissal qualifies as an action "finally determined adversely to the person," within the meaning of section 391, subdivision (b)(1). (*Tokerud v. CapitolBank Sacramento* (1995) 38 Cal.App.4th 775, 779 ["An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial. A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion. The difference is one of degree, not kind"].)

In *Martin v. Lozano* (Super. Ct. Los Angeles County, 2014, No. BH009451), litigated by Martin in pro. per., Martin voluntarily dismissed his petition for writ of mandate[4] challenging the fairness of a disciplinary appeal, after the superior court requested informal briefing on whether Martin had engaged in abusive writ practices and should lose prison work time credit as a result. The court noted Martin had filed 14 writ petitions since September 2010, "none of which were granted."

The above-referenced five actions were litigated by Martin in pro. per. and were finally determined adversely to Martin within seven years of the date defendants filed their vexatious litigant motion. Thus, the trial court's finding Martin is a vexatious litigant within the meaning of section 391, subdivision (b)(1), is supported by substantial evidence. Accordingly, we need not address the other six actions defendants cited in support of their motion.

Having properly determined Martin is a vexatious litigant, the trial court did not err in imposing a prefiling order, as requested by defendants. (§ 391.7, subd. (a) ["the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed"].)

**Reasonable Probability of Prevailing in the Action**

As provided in section 391.3, subdivision (a), "if, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix." In this case, the trial court found there is no reasonable probability Martin will prevail in this

---

[4] Martin argues a petition for writ of habeas corpus does not qualify as a "litigation" within the meaning of section 391, subdivision (b)(1). We need not address this argument because the Attorney General has not sought to use any petition for writ of habeas corpus as a qualifying litigation.

action based on defendants' governmental immunity. Martin contends defendants do not have immunity for the actions alleged in his complaint.

By this action, Martin challenges defendants' conduct in connection with his disciplinary hearing. Under Government Code section 821.6, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

More specifically, Martin faults Officer Graves for failing to pick up his witness list and faults Lieutenant Lugo for failing to call a witness at the hearing. Under Government Code section 820.2, "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Martin also alleges defendants engaged in deception when they made statements regarding his witnesses for the hearing. Under Government Code section 822.2, "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."

Based on the allegations of the complaint, the trial court did not err in finding no reasonable probability Martin will prevail in this action because of defendants' governmental immunity.

For the foregoing reasons, the trial court did not err in declaring Martin a vexatious litigant, in issuing a prefiling order, in requiring Martin to post a security bond, and in dismissing the action without prejudice when Martin failed to post a bond.

## DISPOSITION

The judgment is affirmed. Each side is to bear its own costs on appeal.

NOT TO BE PUBLISHED.

CHANEY, Acting P. J.

We concur:

JOHNSON, J.                    LUI, J.

7