Filed 1/28/21  Reiner v. Cox Communications Cal., LLC CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WAYNE R. REINER,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>COX COMMUNICATIONS<br>CALIFORNIA, LLC,<br><br>    Defendant and Respondent. | G058487<br><br>(Super. Ct. No. 30-2019-01063705)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Layne H. Melzer, Judge.  Affirmed.  Motion to Augment.  Granted.  Request for Judicial Notice.  Denied.

Wayne R. Reiner, in pro. per., for Plaintiff and Appellant.

Coblentz Patch Duffy & Bass, Richard P. Patch and Philip D.W. Miller for Defendant and Respondent.

\*                \*                \*

INTRODUCTION

Plaintiff Wayne R. Reiner appeals from the prefiling order issued against him after the trial court found him to be a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(1). (All further statutory references are to the Code of Civil Procedure.) Reiner contends he did not meet section 391, subdivision (b)(1)'s vexatious litigant definition because he had not commenced, prosecuted, or maintained, in propria persona, at least five "litigations" that were determined adversely to him.

We affirm. Substantial evidence shows Reiner commenced at least 10 actions that qualify as litigations under section 391, subdivision (b)(1); the court did not err by finding Reiner a vexatious litigant and issuing the prefiling order accordingly.

FACTS AND PROCEDURAL HISTORY

Defendant Cox Communications California, LLC (Cox) filed a motion in the trial court seeking an order declaring Reiner a vexatious litigant, a vexatious litigant prefiling order, and an order requiring Reiner to post a bond in the lawsuit Reiner filed against it. Cox filed a request for judicial notice identifying 16 litigations filed by Reiner that it contended had been adversely decided against him. Reiner opposed the motion.[1]

---

[1] The clerk's transcript does not contain (1) any pleading filed by Reiner in this action; (2) any of Cox's moving papers seeking an order declaring Reiner a vexatious litigant, a prefiling order, and an order requiring Reiner to post a bond; (3) Cox's request for judicial notice in support of its motion; or (4) Reiner's oppositions to Cox's motion and Cox's request for judicial notice.

Cox filed a motion to augment the appellate record with its request for judicial notice filed in support of its motion for a prefiling order and order to require Reiner to post a bond. Reiner opposed the motion to augment. Augmentation is proper because the request for judicial notice was filed before the hearing on the motion for a prefiling order and could have been included in the clerk's transcript. (Cal. Rules of Court, rules 8.122(a), (b)(3)(A), 8.155(a)(1)(A).) We grant the motion and deem the exhibits attached to the motion to augment to be in the clerk's transcript.

On September 13, 2019, the trial court issued a prefiling order under section 391.7, having found Reiner qualified as a vexatious litigant. The trial court denied Cox's motion seeking an order requiring Reiner to post a bond under section 391.3.

In its minute order setting forth its ruling on the motion, the trial court stated: "[Cox] contends [Reiner] falls within the statutory definition of a vexatious litigant because he 'has commenced sixteen cases in *pro per* that have been finally determined adversely to him (apart from approximately 30 small claim cases).'" The court continued: "The judicially-noticed matters confirm that, within the 'immediately preceding seven-year period,' [Reiner] 'has commenced, prosecuted, or maintained in propria persona at least five litigations,' other than in a small claims court, which 'have been finally determined adversely to [him]' within the meaning of [section 391]. These cases include, but are not limited to, case numbers: 30-2016-00877358; 30-2016-00874725; 30-2016-00884386; 30-2017-00899959; 30-2017-00901550; 30-2017-00932838; . . . 30-2018-00979988; 30-2018-00983950; 30-2018-00989229; and 30-2018-01005671. [¶] As such, [Reiner] falls within the statutory definition of a vexatious litigant."

The trial court rejected Reiner's argument that there "'has been no action adversely determined against [him]' because he has either accepted 'an apology', has a pending appeal (note: the appealed cases are not included above), or 'has obtained a monetary settlement to compensate[] his out of pocket expenses.'" Citing *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 92 the trial court stated: "'[T]the fact that some of the litigation which [plaintiff] has brought resulted in settlement proves nothing, because some defendants may have paid token amounts to make the litigation go away.'"

The court further explained its rationale for granting Cox's motion for a prefiling order because: "In the past three years, [Reiner] has brought, and voluntarily dismissed, well-above the statutory five case minimum to be a vexatious litigant.

3

Further, [Reiner] confirms he targets 'large corporate entities for their reputation.' Although [Reiner] believes he is simply 'standing up to the bullies,' the incredible number of actions he has brought (and dismissed), 'is nevertheless a burden on the target of the litigation and the judicial system.'"

The trial court thereafter issued a vexatious litigant prefiling order prohibiting Reiner, unless represented by counsel, from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action was to be filed.

On September 18, 2019, Reiner filed an application under section 391.8 for an order to vacate the prefiling order and remove him from the Judicial Council Vexatious Litigant list. The trial court denied the application.

Reiner appealed.

DISCUSSION

I.

OVERVIEW OF THE VEXATIOUS LITIGANT STATUTES AND STANDARD OF REVIEW

"The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants. . . . [¶] 'Vexatious litigant' is defined in section 391, subdivision (b) as a person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action. Section 391.1 provides that in any litigation pending in a California court, the defendant may move for an order requiring the plaintiff to furnish security on the ground

4

the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169-1170.)

"'In 1990, the Legislature enacted section 391.7 to provide the courts with an additional means to counter misuse of the system by vexatious litigants. Section 391.7 "operates beyond the pending case" and authorizes a court to enter a "prefiling order" that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge. [Citation.] The presiding judge may also condition the filing of the litigation upon furnishing security as provided in section 391.3. (§ 391.7, subd. (b).)' [Citation.] [¶] Section 391.7 did not displace the remedy provided in sections 391.1 to 391.6 for defendants in pending actions; by its terms it operates '[i]n addition to any other relief provided in this title . . . .' (§ 391.7, subd. (a).) Rather, it added a powerful new tool designed 'to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs.'" (*Shalant v. Girardi, supra*, 51 Cal.4th at p. 1170.)

"''"A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and [infer] findings necessary to support the judgment." [Citation.] Questions of statutory interpretation, however, we review de novo.'" (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1169 (*Fink*).)

## II.
### SUBSTANTIAL EVIDENCE SUPPORTS THE TRIAL COURT'S FINDING REINER IS A VEXATIOUS LITIGANT.

Section 391, subdivision (b) provides four alternative definitions of a vexatious litigant. (*Fink, supra*, 180 Cal.App.4th at pp. 1169-1170.) Here, the trial court found applicable section 391, subdivision (b)(1) which provides a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted,

5

or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."

Reiner does not challenge the court's finding that he commenced, prosecuted, or maintained the 10 litigations cited in the court's minute order within the statutorily prescribed time frame and he acknowledges that all 10 litigations were dismissed by the trial court. He solely challenges the finding that the dismissals entered in five of those 10 litigations qualified as having been adversely determined against him within the meaning of section 391, subdivision (b)(1).

In *Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779-780 (*Tokerud*), the appellate court addressed whether an action that has been dismissed qualifies as a litigation under the vexatious litigant statutory scheme. The court explained: "Plaintiff's contention a voluntarily dismissed action cannot be counted for purposes of the vexatious litigant statute is contrary to the underlying intent of that legislation. 'The vexatious litigant statutes were enacted to require a person found a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of one of these obsessive and persistent litigants whose conduct can cause serious financial results to the unfortunate object of his attack.' [Citation.] 'The constant suer for himself becomes a serious problem to others than the defendant he dogs. By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the tax payers who must provide the courts.'" (*Id.* at p. 779.)

The appellate court in *Tokerud, supra*, 38 Cal.App.4th at page 779 further stated: "An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial. A party who repeatedly

files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion.  The difference is one of degree, not kind.  [¶] In the comparable context of a malicious prosecution action, a voluntary, unilateral dismissal of the underlying dispute is generally considered a termination in favor of the defendant."

Here, Cox showed at least 10 litigations were dismissed and thus qualify as litigations determined adversely to Reiner.  Substantial evidence therefore supported the trial court's prefiling order.

In his appellate opening brief, Reiner argues that in each of those 10 litigations, dismissal was entered because Reiner succeeded in obtaining a settlement and/or an apology from the defendant.  He cites *Tokerud* for the proposition:  "Only where the dismissal leaves some doubt regarding the defendant's liability, as where the dismissal is part of a negotiated settlement, will the dismissal not be deemed a termination favorable to the defendant."  (*Tokerud, supra*, 38 Cal.App.4th at pp. 779-780.)

We disagree with Reiner, as did the trial court, that the extraction of a settlement in a lawsuit which leads to dismissal automatically exempts that litigation from counting as a qualifying litigation under the vexatious litigant law.  As pointed out in *Luckett v. Panos, supra*, 161 Cal.App.4th at page 92, "the fact that some of the litigation which [the plaintiff] has brought resulted in settlement proves nothing, because some defendants may have paid token amounts to make the litigation go away—[the plaintiff] himself acknowledged that very fact at oral argument—or [the plaintiff] may have dismissed it as part of a settlement.  Indeed, one legal commentator notes that settling suits brought by vexatious litigants has the effect of preventing judges *later on* from realizing just how frivolous those *earlier* suits might have been."

Here we do not reach the determination of whether any settlement leading to the dismissal of any of the litigations identified by the trial court constituted a token settlement by the defendant to make the litigation go away or a true negotiated settlement

based on potential liability because our record does not reflect the trial court had such information before it. "Generally, '"when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' [Citation.]" [Citations.] It is a fundamental principle of appellate law that our review of the trial court's decision must be based on the evidence before the court at the time it rendered its decision." (*California School Bds. Assn. v. State of California* (2011) 192 Cal.App.4th 770, 803.) Reiner has "not cited any exceptional circumstances that would justify a deviation from this rule in this appeal." (*Ibid.*)

Even if such information had been before the trial court, it is the appellant's burden to provide an adequate record to assess error and an appellant's failure to designate an adequate record on appeal warrants affirmance of the judgment. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) As noted *ante* in footnote 1, the clerk's transcript does not include any of Cox's moving papers, or Reiner's opposing papers, much less show that *any* admissible evidence bearing on the merit of any of the 10 litigations identified by the trial court as qualifying litigations under the vexatious litigation statute was presented to the trial court in opposition to Cox's motion.[2] We

---

[2] The clerk's transcript includes Reiner's form application for an order vacating the prefiling order under section 391.8. Attached to that application is Reiner's response to the prompt asking him to describe the material change in facts that had occurred since the prefiling order was issued and how the "ends of justice would be served by vacating the order" in which he discusses settlements he reached in various litigations. Reiner's response was not under penalty of perjury and, as it appears in the clerk's transcript, was not supported by any documentary evidence. In any event, the substance of his application was not before the trial court when it issued the prefiling order.

8

therefore do not consider Reiner's references to such purported evidence in his appellate briefs or the attachments to those briefs which he contends shows negotiated settlements of the subject litigations because, based on our record, such evidence was not before the trial court.[3]

---

Reiner asserts that he submitted documentary evidence in support of his form application that was not included in the clerk's transcript. He asserts he was advised by a court clerk to "just attach" that evidence as exhibits. Attached to his appellate opening brief are documents identified as Exhibits B through G which appear to be parts of settlement agreements or correspondence referring to settlement agreements which are not included in the clerk's transcript. Even if those exhibits were properly before this court on appeal, Reiner admitted at oral argument that none of the exhibits had been presented to the trial court before it issued the prefiling order and are thus irrelevant to our review. Furthermore, the exhibits do not assist Reiner because they are unauthenticated and otherwise consist of such limited portions of settlement agreements that they do not show Reiner's underlying claims had sufficient merit to justify his adversaries from entering into anything other than token settlements with him.

[3] We deny Reiner's request filed on November 25, 2020 that we take judicial notice of (1) this court's two recent orders dismissing Reiner's appeals in other cases pursuant to the prefiling order issued in this case; and (2) this court's order in the instant case granting Reiner an extension of time to serve and file his appellate opening brief. The dismissal orders are irrelevant to the issues presented in this appeal, having necessarily been issued after the trial court issued the prefiling order in this case because they enforced it. The order granting Reiner an extension is already part of the appellate record in this case.

DISPOSITION

The order is affirmed.  Respondent shall recover costs on appeal.


FYBEL, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.