Filed 11/22/22  Tevis v. Satin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| NANCY TEVIS et al., | C093838 |
| Plaintiffs and Appellants, | (Super. Ct. No. PC20200273) |
| v. | |
| HEATHER SATIN et al., | |
| Defendants and Respondents. | |

Plaintiffs Larry Tevis and Nancy Tevis appeal the trial court's order declaring them vexatious litigants.  They argue the trial court's designation was not supported by substantial evidence.  We affirm.

## BACKGROUND

We derive the facts and procedural history, as best as we are able, from the limited record provided on appeal.

Plaintiffs filed the underlying action against the defendants, which according to plaintiffs' opening brief, appears to involve claims relating to negligence, elder abuse,

1

and breach of fiduciary duty. Defendants moved the trial court for an order declaring plaintiffs to be vexatious litigants and to dismiss the case due to plaintiffs' failure to pay court fees. The trial court granted the motion, declaring plaintiffs vexatious litigants on the ground that "the claims made in the instant action were or could have been litigated in the earlier case of *Tevis, et al. v. Mittelstadt, et al.*, El Dorado County Superior Court Case No. SC20180043," which plaintiffs "voluntarily dismissed with prejudice." The court dismissed the current action.

Plaintiffs timely appealed. We denied plaintiffs' request for permission to appeal the order dismissing the action with prejudice. Plaintiffs were allowed to proceed with the appeal solely on the issue of whether the trial court erred in declaring them vexatious litigants and in entering a prefiling order. We received no briefing from defendants.

## DISCUSSION

Plaintiffs argue the trial court abused its discretion in designating them as vexatious litigants, claiming the court's findings were not supported by substantial evidence.[1] We disagree.

A vexatious litigant is a person who, "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined." (Code Civ. Proc., § 391, subd. (b)(2).) A litigation is determined adversely to a plaintiff for purposes of the vexatious litigant statute if the

---

[1] Plaintiffs additionally argue this court and the trial judge perpetrated fraud on the court. We decline to address this claim because plaintiffs' appeal is limited to the propriety of the trial court's vexatious litigant designation.

plaintiff voluntarily dismisses the case. (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406; *Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 781.)

"In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287.) A reviewing court may disregard arguments not supported by accurate citations to the record or pertinent legal authority, as well as conclusory arguments. (*Id.* at p. 287.)

"A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment. [Citation.]" (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.)

Here, the record before us consists of 17 pages of the clerk's transcript.[2] It shows the trial court considered a prior action filed by plaintiffs against the defendants, and concluded plaintiffs' claims in the instant action "were or could have been litigated" in the earlier case. On this basis, the court declared plaintiffs vexatious litigants. Nothing in the record demonstrates the nature of the claims raised in either the instant action or the prior action, or otherwise disproves the trial court's findings. We must therefore presume the court's order is correct and imply necessary findings to support this conclusion. (*Bravo v. Ismaj*, *supra*, 99 Cal.App.4th at p. 219.)

On appeal, plaintiffs made no argument concerning the trial court's finding that they relitigated or attempted to relitigate issues that were determined adversely to them in the instant action. They instead argue the trial court's findings were not supported by

---

[2] We decide the appeal on the record, the opening brief, and any oral argument by plaintiffs because the defendants failed to file a brief on appeal. (Cal. Rules of Court, rule 8.220(a)(2).)

substantial evidence because "plaintiff's [*sic*] [prior] litigation was in good faith" and the trial court "fail[ed] to make substantive findings of plaintiffs [*sic*] litigation to be frivolous, to harass, and cause delay," citing federal authority. But these arguments have nothing to do with the trial court's findings. They also provide no citation to the record in support of these arguments. Moreover, the federal cases relied on by plaintiffs are not binding on this court. (*Nunez v. Nevell Group, Inc.* (2019) 35 Cal.App.5th 838, 847-848 ["Federal decisional authority does not bind the California Courts of Appeal on matters of state law"].) Absent any cogent analysis, an adequate record, or citations to support in the record provided, plaintiffs have not carried their burden to demonstrate any error. (*City of Santa Maria v. Adam, supra*, 211 Cal.App.4th at p. 287.)

## DISPOSITION

The trial court's order is affirmed. Because defendants did not file a brief and nothing in the record suggests they incurred any costs on appeal, no costs are awarded.


/s/
BOULWARE EURIE, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
KRAUSE, J.