Filed 3/28/23  Mora v. Fu CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| WILLIAM MORA,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>TONY FU,<br><br>          Defendant and Respondent. | A165682<br><br>(San Francisco City & County<br>    Super. Ct. No. CGC-21-594417) |

### MEMORANDUM OPINION [1]

Plaintiff William Mora appeals from a dismissal following an order pursuant to Code of Civil Procedure section 391 et seq. declaring him a vexatious litigant, ordering that he provide security and, if not posted, automatic dismissal, and barring him from any further filings in propria persona in California without approval of the presiding judge.

"[Code of Civil Procedure] [s]ection 391—the vexatious litigant statute—' "was enacted ' "to curb misuse of the court system" ' by ' "persistent and obsessive" litigants.' " ' [Citation.]  As relevant here, a vexatious litigant is one who, while self-represented, ' "repeatedly relitigates or attempts to relitigate" matters already finally determined against them or "repeatedly

---

[1] This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

1

files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." ' " (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 77.)

The vexatious litigant statutes "provide two distinct and cumulative remedies against vexatious litigants, both of which were invoked here. [Citation.] The first of these remedies is an order to furnish security, as described in [Code of Civil Procedure] section 391.3. A defendant obtains this remedy, as was done here, by bringing a motion under [Code of Civil Procedure] section 391.1, which requires determinations that the plaintiff is a vexatious litigant and that there is no reasonable probability that he or she will prevail on the merits in the action. If the court issues an order to furnish security, the action is automatically stayed from the time the motion was filed until 10 days after plaintiff posts the required security. ([Code Civ. Proc.,] § 391.6.) If the plaintiff fails to post the security, the action 'shall be dismissed as to the defendant for whose benefit it was ordered furnished.' ([Code Civ. Proc.,] § 391.4.)" ( *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 633–634 ( *Golin* ), fns. omitted.)

"[Code of Civil Procedure] [s]ection 391.7 provides the second and additional remedy. It authorizes the court to 'enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.' ([Code Civ. Proc.,] § 391.7, subd. (a).) The presiding judge may allow the filing of the new action 'only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of

2

the defendants as provided in [C ode of Civil Procedure] [s]ection 391.3.'
([Code Civ. Proc.,] § 391.7, subd. (b).)" ( *Golin, supra,* 190 Cal.App.4th at p.
634.)

"The trial court exercises its discretion in determining whether a person is a vexatious litigant . Review of the order is acco rdingly limited and the Court of Appeal will uphold the ruling if it is supported by substantial evidence. . . . [We also] presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." ( *Golin, supra* 19 0 Cal.App.4th at p. 636.) "Likewise, a court's decision that a vexatious litigant does not have a reasonable chance of success in the action is based on an evaluative judgment in which the court weighs the evidence. If there is any substantial evidence t o support the court's determination, it will be upheld. [Citation.] But questions of statutory construction or interpretation are still reviewed de novo, as are questions of law." ( *Ibid.* )

In his motion seeking to have Mora declared a vexatious litigant, defendant and respondent Tony Fu claimed Mora worked for a disbarred attorney who, himself, had been declared a vexatious litigant, and that Mora had commenced five meritless "litigation[s]" in propria persona within the preceding seven years.[2] Fu further maintained the instant lawsuit was also meritless and Mora should be required to post $20,000 in security. Fu additionally requested that the court enter a prefiling order barring Mora from filing any further actions in propria persona in California without the approval of the

---

[2] Code of Civil Procedure section 391, subdivision (b)(1) defines a vexatious litigant as one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without have been brought to trial or hearing."

presiding judge. Fu supported his motion with a declaration attaching the relevant pleadings from the five assertedly meritless litigations, as well as frames of a security camera video that refuted Mora's allegations that Fu followed and harassed Mora.

Mora's opposition memorandum consisted of three paragraphs that collectively consumed a half-page. He advanced two arguments—(1) only three of the cases listed by Fu were filed in California courts, and (2) Fu presented no evidence the other two cases, filed in New Mexico courts, were decided on the merits. In a half-page opposing declaration, Mora claimed the allegations of his complaint in the instant action for assault—that Fu had followed and harassed him—were true and Fu was "a liar." He also asserted that two of the California cases had not been "decided on the merits."

In reply, Fu pointed out a vexatious litigant order can be based on meritless or bad faith actions filed in California courts, federal courts, or the courts of "any state." (§ 391, subds. (a), (b)(3)–(4); see *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1170 (*Fink*) [citing to prior version of statute and stating the term " 'litigation' " is broadly defined "as meaning 'any civil action or proceeding, commenced, maintained or pending in any state or federal court' "].) He additionally pointed out prior "litigation" need not be resolved on "the merits" to qualify as "adversely determined" to the litigant. (§ 391, subd. (b)(1); see *Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779 [even a voluntary, unilateral dismissal that is not associated with a settlement qualifies as "adversely determined" to the litigant].)

As we have recited, the trial court granted Fu's motion, finding Mora to be a vexatious litigant, requiring the posting of security, and issuing a pre-filing order.

4

Mora moved for reconsideration, asking the trial court to exercise its "inherent authority" to reconsider prior rulings. His motion was devoted to arguing that Fu's version of events was false and his complaint for assault was not meritless. Mora proffered six additional frames from the security video that he claimed showed Fu "intentionally tailed" him to a bus stop and thus showed his lawsuit was not meritless.

The trial court denied Mora's motion for three reasons. First, it declined to exercise its "inherent discretion" to revisit its prior order. Second, it pointed out Mora had made no showing why his supposedly "new" evidence (the additional security video frames) had not been presented at the prior hearing. And, third, the new evidence he was proffering did not, in any case, support and, in fact, further disproved, his allegations that Fu had approached Mora and then followed and harassed him.

### *The Vexatious Litigant Determination*

Mora challenges the trial court's ruling that he suffered five adversely determined litigations within the last seven years on two grounds.

He first claims one of the cases was "a criminal action." However, as Fu points out in his respondent's brief, Mora made no argument in the trial court that the litigation entitled *City of Las Vegas v. William Mora*, case No. D-412-LR-201500002, was a criminal case and thus cannot count as one of the five adversely determined litigations. Fu also correctly maintains that having failed to advance this fact-based argument in the trial court, Mora has forfeited the issue on appeal. (See *Alvarez v. Altamed Health Services Corp.* (2021) 60 Cal.App.5th 572, 585 [because plaintiff did not make argument in trial court, she forfeited the contention on appeal].) We therefore do not address this contention further.

Mora secondly claims two of the cases, *William Mora v. Bryant Fu*, case No. CGC-20-583002, and *William Mara v. Bryant Fu,* case No. CGC-18-568890, were not dismissed on the merits. However, Fu presented evidence that both cases were *involuntarily* dismissed by the San Francisco Superior Court. Thus, these were final, adverse determinations under the vexatious litigant statute. (See *Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406 ["A litigation is finally determined adversely to a plaintiff if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff."]; *Fink, supra,* 180 Cal.App.4th at pp. 1173–1174 [involuntary dismissals of untimely appeals were final, adverse determinations].) Thus, Mora's claim that the first case was dismissed for not posting an undertaking and the second, for not paying court fees, is immaterial—he did not win either of the actions he began.

### *The No Reasonable Probability of Prevailing Determination*

Mora also takes issue with the trial court's ruling that he had no reasonable probability of prevailing in the instant case. He insists the security camera images that Fu presented to the trial court—to show that Mora's claims that Fu followed and harassed him were patently false and, in fact, showed Mora following Fu—were selective and not an accurate depiction of events. Fu's version of events was that after he exited his son's house, Mora spotted him and "stalked" him to the bus stop, where the disbarred attorney appeared and "attempted to batter Fu," and was then arrested for violating a civil restraining order. Mora asserts the six additional video images he proffered to the trial court in support of his motion for reconsideration confirmed his claim that Fu followed and harassed him.

Upon examining the video evidence (including the video frames belatedly proffered by Mora) and comparing it with Mora's allegations, the trial

6

court found the evidence did *not* show Fu following Mora, but the reverse. It thus found Mora had "no reasonable probability of prevailing in this litigation." Indeed, in its order denying Mora's motion for reconsideration, the court stated, "[T]he evidence still shows that plaintiff was following defendant. This evidence totally undermines the allegations of plaintiff's verified complaint at paragraph 4, which allege that defendant approached plaintiff and then began following/menacing plaintiff. In sum, the evidence belies plaintiff's allegations." The court additionally pointed out "the fact that plaintiff brought a nearly identical case against defendant's son and the court held that the video 'cast[] doubt on Mora's testimony in key respects' further shows the lack of merit of this case. (See *Fu v. Fang,* CGC-18-572347 (1/22/21 Statement of Decision)."

We entirely agree with the trial court's assessment of the video frames—they do not support Mora's claim that Fu surreptitiously followed Mora. Accordingly, the court's finding that Mora had no reasonable probability of prevailing in the instant case is supported by substantial evidence, and it was well within the court's discretion to order that security be posted.

## DISPOSITION

The judgment of dismissal is AFFIRMED. Respondent to recover costs on appeal.[3]

---

[3] Respondent's request for judicial notice filed on February 7, 2023, is DENIED, as the materials sought to be noticed are immaterial to the disposition of the appeal.

_____
Banke, J.

We concur:

_____
Humes, P.J.

_____
Swope, J.*

**Judge of the San Mateo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A165682, Mora v. Fu