**AFFIRMED and Opinion Filed April 5, 2023**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

_____

**No. 05-21-01009-CV**
_____

**BRUCE DWAIN COPELAND AND BRUCE COPELAND D/B/A AB CONSTRUCTION & RESTORATION, Appellants**
**V.**
**MIC GENERAL INSURANCE CORPORATION, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-08292**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Nowell

Pro se appellant Bruce Dwain Copeland appeals the trial court's order declaring him a vexatious litigant. In five issues, he argues the trial court abused its discretion by declaring him a vexatious litigant because appellee MIC General Insurance Corporation (MIC) failed to satisfy the statutory requirements of Texas Civil Practice and Remedies Code section 11.054. *See* TEX. CIV. PRAC. & REM. CODE ANN. §11.054 (Criteria for Finding Plaintiff a Vexatious Litigant). We affirm the trial court's order.

## Background

James Veasley owned a home that suffered tornado, wind, and water damage. Veasley allegedly hired Copeland as the contractor to repair the home. According to Copeland's original petition, the parties met with a MIC representative to discuss needed repairs, and MIC authorized Copeland to begin repairs in July of 2019. Copeland alleged he provided a detailed estimate of repair costs, received authorization for the repairs, and performed the repairs. In December of 2019, MIC informed Copeland and Veasley that payments for the repairs were sent to Bank of America because it was the named mortgage company on the MIC insurance contract.

On June 29, 2021, Copeland, pro se, filed his original petition. He stated, "This suit is brought pursuant to the law of good faith and fair dealing as well as the Texas Deceptive Trade Practices Act." He then listed the following causes of action, without further detail: breach of contract, theft of services, fraud, fraud in the inducement, quantum meruit, promissory estoppel, negligence, negligence per se, negligent misrepresentation, unjust enrichment, and equitable estoppel. MIC filed a general denial.

On August 2, 2021, MIC filed a motion requesting the trial court declare Copeland a vexatious litigant. Attached to its motion, MIC included an appendix listing thirty-six prior lawsuits and the order of dismissal in each cause of action.

Following Copeland's response and a hearing, the trial court signed an order on August 26, 2021, declaring Copeland a vexatious litigant. This appeal followed.

## Standard of Review and Applicable Law

Chapter 11 of the Texas Civil Practice and Remedies Code provides a mechanism to restrict vexatious litigation by pro se individuals who abuse the legal system by pursuing numerous frivolous lawsuits. TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–.104. The statute seeks to curb vexatious litigation by requiring plaintiffs found by the court to be "vexatious" to post security for costs before proceeding to trial. *Id.* §§ 11.051–.056.

Under chapter 11, a defendant against whom a civil action is commenced, maintained, or pending may move the trial court for an order determining the plaintiff is a vexatious litigant. *Id.* § 11.051. The court may find a pro se plaintiff is a vexatious litigant if the defendant shows there is not a reasonable probability that the plaintiff will prevail in the litigation and:

> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been
>
> > (A) finally determined adversely to the plaintiff;
> >
> > (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
> >
> > (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure; [or]

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

*Id.* § 11.054(1)–(2). "Litigation" means "a civil action commenced, maintained, or pending in any state or federal court." *Id.* § 11.001(2).

We review a trial court's order determining a litigant is vexatious for an abuse of discretion. *Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.); *see also Gallagher v. City of Austin*, No. 05-20-00098-CV, 2021 WL 2154616, at *1–2 (Tex. App.—Dallas May 27, 2021, no pet.) (mem. op.). Under this standard, we may not substitute our judgment for the judgment of the trial court. *Gallagher*, 2021 WL 2154616, at *2. A trial court abuses its discretion if it acts in an arbitrary or capricious manner without reference to any guiding rules or principles. *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied).

**Discussion**

Copeland contends the trial court abused its discretion by declaring him a vexatious litigant because MIC failed to show (1) there is a reasonable probability he would prevail in his litigation; (2) he had suits dismissed as frivolous, determined adversely against him, or remained pending more than two years; (3) he attempted

–4–

to relitigate the same causes of action against the same defendant after a court issued a final determination; and (4) he had previously been declared a vexatious litigant.

The trial court's order stated Copeland met the criteria of a vexatious litigant under sections 11.054(1)(A) and 11.054(2)(A), (B). Under both sections, a defendant has the burden to show there is not a reasonable probability the plaintiff will prevail in the underlying litigation. *Gallagher*, 2021 WL 2154616, at *3.

Here, Copeland's claims are allegedly based on an insurance claim for property damage where the insurer, MIC, paid insurance proceeds to the insured, Bank of America. Copeland produced no evidence that he or his d/b/a was insured under any MIC policy, that he entered into any contract with MIC, or that he could assert any of his causes of action against MIC. There was also no evidence that Veasley was an insured or a third-party beneficiary under a MIC policy. MIC, however, introduced evidence of the applicable Hazard Insurance Protection Policy naming Bank of America as the "NAMED INSURED." Thus, Copeland failed to establish that he or Veasley had standing to pursue claims against MIC or Bank of America.

Further, Copeland failed to produce any evidence of the alleged construction agreement between himself and Veasley, the detailed estimate of repair costs, or the authorization he received from MIC to make the repairs that could possibly support his causes of action. Accordingly, the record supports the trial court's finding there

was not a reasonable probability Copeland would prevail in the litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054.

Section 11.054(1)(A) also required MIC to show that in the seven-year period immediately preceding the motion, Copeland commenced, prosecuted, or maintained at least five litigations as a pro se litigant, other than in small claims court, that were finally determined adversely to him. *Id.* § 11.054(1)(A). During the hearing, MIC introduced thirty-six pleadings Copeland filed between July 1, 2015 and October 30, 2020. MIC included the dismissal orders for each pleading.

Copeland argues a pro se litigant is often allowed to amend or refile suits that are dismissed, and many of his cases were dismissed without prejudice or dismissed because the underlying case was dismissed. A dismissal, however, is an adverse determination for purposes of section 11.054(1)(A). *See Gallagher*, 2021 WL 2154616, at *4 ("simple dismissal" considered adverse proceeding under section 11.054(1)(A)); *Beasley v. Soc'y of Info. Mgmt., Dallas Area Chapter*, No. 05-19-00607-CV, 2020 WL 5087824, at *9 (Tex. App.—Dallas Aug. 28, 2020, pet. denied) (mem. op.) (holding voluntary nonsuits do not preclude those litigations from counting under section 11.054(1)(A)); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.) (rejecting argument dismissals should not be counted for purposes of vexatious litigant statute because argument runs contrary to the underlying intent of the legislation). In *Retzlaff*, the court emphasized,

> An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial. A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion. The difference is one of degree, not kind.

*Retzlaff*, 356 S.W.3d at 700 (quoting *Tokerud v. CapitalBank Sacramento*, 45 Cal. Rptr.2d 345, 347 (1995)).

Even if we disregarded the actions dismissed without prejudice, the record contains four orders of dismissal *with* prejudice, which Copeland acknowledges is an adjudication of a parties' rights. *See, e.g.*, *Wolf Creek Estates Homeowners' Ass'n, Inc. v. Jones*, No. 05-17-00051-CV, 2018 WL 1417407, at *3 (Tex. App.—Dallas Mar. 22, 2018, no pet.) (mem. op.) (holding dismissal with prejudice is an adjudication of parties' rights). The record also contains three dismissal orders for lack of subject matter jurisdiction, which likewise count as adverse determinations under section 11.054. *See Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied) (considering dismissals for lack of subject matter jurisdiction in section 11.054 analysis). Accordingly, the record supports the trial court's conclusion that in the seven-year period immediately preceding MIC's motion, Copeland commenced, prosecuted, or maintained at least five litigations as a pro se litigant, other than in small claims court, that were finally determined adversely to him. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)(A). Copeland's second issue is overruled.

–7–

Because MIC presented evidence satisfying section 11.054(1)(A), the trial court did not abuse its discretion declaring Copeland a vexatious litigant. Copeland's fifth issue is overruled. In light of our disposition under section 11.054(1)(A), we need not consider Copeland's third and fourth issues challenging whether MIC also satisfied its burden under section 11.054(2)(A) and (B). *See* TEX. R. APP. P. 47.1.

## Conclusion

The order declaring Copeland a vexatious litigant is affirmed.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

211009F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRUCE DWAIN COPELAND AND
BRUCE COPELAND D.B.A. AB
CONSTRUCTION &
RESTORATION, Appellants

No. 05-21-01009-CV     V.

MIC GENERAL INSURANCE
CORPORATION, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-08292.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Kennedy participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee MIC GENERAL INSURANCE CORPORATION recover its costs of this appeal from appellant BRUCE DWAIN COPELAND AND BRUCE COPELAND D.B.A. AB CONSTRUCTION & RESTORATION.

Judgment entered April 5, 2023.